JOHN D. CHASE *et als.*, in equity, *vs.* SOPHIA C. DAVIS *et als.*

Cumberland, November 12, 1875.—March 15, 1876.

*Equity. Will. Trust.*

A testator appointed by will, two persons to act as executors and trustees, vesting them with certain discretionary powers. Both were qualified, but subsequently one died, and another was appointed by the judge of probate, and qualified. *Held,* that in the absence of any provision in the will, showing a different intention on the part of the testator, the trustee appointed will have the same powers, including those depending upon discretion, as were vested in those named in the will.

The property devised in trust, is devised in two different items in the will. The one giving real estate specifically described, the other a residue, including real and personal. The latter item referred to the former, as to direc-

tions for the disposition of the income and proceeds, and vested the trustees with authority, at their discretion, after five years, to convey said trust estates to the beneficiaries. *Held,* that the discretion of the trustees extended to the whole trust estate, and their authority to convey, covered the whole, or any part.

S. C. was owing the testator a note, a portion of which was forgiven by the will. He was also given by the will, one-fifth of the residue left after paying legacies, said one-fifth to be holden by trustees for his benefit, to be conveyed to him at the discretion of the trustees, after five years. *Held,* that the balance due on said note remained, an existing debt in favor of the estate, but that the legacy of one-fifth of the residue would give one-fifth of the note to the trustees for S. C.'s benefit. *Held,* also, that upon the conveyance of the property by the trustees to S. C., four-fifths of the note would be a charge upon the legacy.

Where in a will, a legacy of a sum of money simply is given, and a devise of real estate, the former, being a general, and not a specific legacy, is not, in the absence of any direction to that effect, a charge upon the latter, which is a specific legacy.

BILL IN EQUITY.

Samuel Chase, late of Portland, died August 9, 1867, leaving a will which was afterwards allowed by the probate court, providing for the disposition of his estate, as follows :

I. To Stephen B. Chase, (his son-in-law,) $1000.

II. To John D. Chase, (his son,) forgiveness of the full amount of his promissory note, for $4706.87, also a gift of $800, to be paid by the executors, as they may find convenient.

III. To Samuel Chase, jr., (his son,) forgiveness of $4000, in part of a promissory note of $8378, in addition to $1500, indorsed thereon as a gift.

IV. Three brick stores, and other specified real estate, one-fifth each, to his children, John D. Chase, Sarah Chase, wife of Stephen, and Naomi Buttrick, widow; the remaining two-fifths to John D., and Stephen B. Chase, in trust for Samuel Chase, jr., and for his daughter, Sophia Davis, widow, the rent and income to be paid them.

Item four further provides, that after the lapse of five years from the decease of the testator, the brick stores and the other specified real estate may be sold by the executors, if in their judgment, they shall deem such sale for the best interest of all concerned, the proceeds of the sale of the two-fifths held in trust, one-fifth each, for Samuel and Sophia, to be held by the trustees

for the same uses as is herein provided in relation to the income of the real estate ; the proceeds to be invested in stock or public securities deemed safe and judicious, etc.

V. The residue of the estate real and personal, one-fifth each, to John D., Sarah, and Naomi, and the remaining two-fifths to John D. Chase and Stephen B. Chase, in trust for Samuel, jr., and Sophia, the income and proceeds to be appropriated as in item four ; and if after five years from the decease of the testator, the trustees shall, in the exercise of their best judgment, consider it for the best interest and happiness of Samuel and Sophia, to transfer and convey to them their respective portions of said trust estate, the trustees are authorized to execute such transfer.

John D. Chase and Stephen B. Chase, named executors in the will, were duly qualified. Stephen B. Chase, deceased, while in office as trustee, and Howard B. Chase was afterwards duly appointed and qualified, and is now trustee in his place. Samuel Chase, jr., was insolvent so that there was no reasonable expectation of collecting the balance of the $8000 note. The five years and more having elapsed, and the plaintiffs, considering it as they alleged, for the best interest and happiness of Samuel and Sophia, that the transfer should be made to each of them, as provided in the fifth clause of the will, submitted to the court, with a prayer for relief, the following questions, as to their powers and duties : .

I. Whether the discretion, which is vested in the trustees by the fifth clause of said will, is limited to the trustees named in said will, or can be exercised by your orators as their successors.

II. Whether the discretion vested in the trustees by the fifth clause of said will, is limited to the portion of the residue which is vested in the trustees by said clause, or includes the portions of real estate specifically described and vested in said trustees, by the fourth clause thereof.

III. Whether your orators can lawfully convey to Samuel Chase, jr., and Sophia C. Davis, respectively, the whole estate devised to trustees by said will, or any part of it, and if yes, what part.

IV. Whether the one-fifth of said estate vested in trust for Samuel Chase, jr., and his heirs, can lawfully be charged with the whole of said balance due from Samuel Chase, jr., or whether the

loss coming to said estate by his insolvency, must be so borne and divided, as though the same was an uncollectable claim against a stranger to the estate, or how the same shall be borne.

V. Whether the legacies of $1500, and $800, given by the first and second clauses of said will, in case of deficiency of personal assets, can be lawfully charged, in whole or part, upon real estate devised by said fourth clause.

*W. L. Putnam* and *A. B. Holden,* for plaintiffs.

*J. Howard & N. Cleaves,* for Samuel Chase, jr.

*H. C. Peabody,* for Sophia C. Davis, Sarah Chase, and Naomi C. Buttrick.

To the point that the executors, (who were also the trustees,) are entitled to charge upon the one-fifth vested in trust for Samuel Chase, jr., the whole of the balance due from him after deducting $4000 and $1500, as provided in the third clause of the will, the counsel cited *Hobart* v. *Stone,* 10 Pick., 215. Redfield on Wills, Part II., p. 581.

DANFORTH, J. This is a bill in equity to determine the construction of the will of Samuel Chase.

It appears by the will that certain property was given to John D. Chase, and Stephen B. Chase, to hold in trust for Samuel Chase, jr., and Sophia C. Davis, which trust in certain contingencies, requires the exercise of personal discretion. Said trustees were also appointed executors of the will, and were duly qualified to act in each capacity. Subsequently the said Stephen died, and Howard B. Chase, one of the plaintiffs, was appointed and qualified as trustee and executor, in his place.

Upon these facts the question is submitted, "Whether the discretion which is vested in the trustees by the fifth clause of said will, was limited to the trustees named in said will, or can be exercised by their successors." In this respect, as in all others when it can be done without a violation of law, the will is to be so construed as to carry out the intention of the testator. In the clause of the will referred to, there is no provision made as to what is to be done, in case of the death, resignation, or refusal to

act, of either or both of the trustees; nor do we find anything that leads to the conclusion, that in any event the provisions of the will were not to be carried out; no indication that the legacies were to fail. Under these circumstances, we must presume the testator relied upon the law to supply what he had failed to do, and which was enacted for such cases. R. S., c. 68, § 6, is amply sufficient for this purpose, and gives to the successors the same powers including matters of discretion, as were vested by the will in those originally appointed.

The second question is, "whether the discretion which is vested in the trustees by the fifth clause in the will, is limited to the portion of the residue which is vested in the trustees by said clause, or includes the portions of the real estate specifically described and vested in said trustees, by the second clause thereof." As no real estate is described or referred to in the second clause of the will, but in the fourth item, is specifically described and vested in trustees, we suppose it to be this real estate referred to, and answer the question accordingly.

The real estate given in the fourth item is specifically described, the property given in the fifth item, is the residue, and includes personal property. The conditions of the trust, the disposition of the income, and in case of sale, the proceeds are the same in both cases. In the fifth item, after constituting the trusts, and providing that "the income and proceeds thereof be appropriated as provided in item fourth of this will;" the testator further provides, that in a certain contingency, the trustees at their discretion, may convey to the beneficiaries, their respective shares of "said trust estate." The words, "said trust estate," would naturally include all the property left in trust, and we find nothing in the will tending to show that the testator used them in any other sense. That one part is a specific legacy, and another part is a general one, is a sufficient explanation of the fact that all is not put into one item; but no reason appears, why in other respects any distinction should be made. As the testator in all other respects, treated the two legacies as one, our conclusion is, that the trustees have the same discretion over each, and that they may, in the

exercise of their discretion, if they see fit, convey to said benefi-ciaries, the whole or any part of the property vested in them in trust. This is also an answer to the third question.

In regard to the fourth question, it was clearly the intention of the testator that the balance due on the note against Samuel Chase, jr., after deducting the $1500 and $4000, referred to in the will, should remain an existing debt, and be collected by the executors as a part of the assets of the state. But as the collection of the debt would increase the residue to that extent, it is equally clear, that under the fifth item of the will, one-fifth part of it would go to the trustees for the benefit of the maker. In making up this residue the amount due on the note must be counted as assets. In the division, the maker gets one-fifth, and the other legatees four-fifths. The result is, that in accordance with well settled principles of law, four-fifths of the amount due on the note is a charge upon the legacy to Samuel Chase, jr., for the benefit of the other legatees. *Hobart* v. *Stone*, 10 Pick., 215.

As regards the fifth question, we find no such legacy as $1500, in the first or second, or any other clause in said will. In the first clause is a legacy of $1000, and in the second clause one of $800. Both of these legacies are general, and in no sense specific. The real estate devised in the fourth item, is a specific legacy. As a general legacy cannot be a charge upon a specific one, so the legacies of $1000, and $800, can, neither in whole or in part, be a charge upon the real estate devised in the fourth item of the will.

The plaintiffs will be entitled to a decree in conformity with the principles of this opinion, costs to be paid by the estate.

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.