### Conrad F. Weiland

*v.*

### Nathaniel Townsend et al.

A trustee was, by a will, clothed with extensive discretionary powers, and there was no provision for succession in the trust in case of his failure to act. He died—*Held,* that this court would execute the trust through a successor to be appointed by it, and by substituting equitable rules in the place of arbitrary power.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. A. Flanders,* for complainant.

*Mr. J. H. Rogers,* for defendant N. Townsend.

The Chancellor.

This suit is brought by Conrad Weiland in his own behalf, and as guardian of his two minor children, the offspring of his deceased wife, Annie, daughter of George Wylie, deceased, late of Paterson, against Nathaniel Townsend, administrator *cum testamento annexo,* and trustee under the will of George Wylie

Note.—The following cases show what words have been held to confer such a trust, coupled with a power, as a court of equity could enforce after the death or removal of a trustee vested with discretionary powers:

*Bartley* v. *Bartley, 3 Drew. 384,* " at his or their entire discretion to pay rents for the benefit of one, two or more of the children of A B, the tenant for life," with a power to appoint new trustees; but they all died without any new appointment.

*Hewett* v. *Hewett, 2 Eden 332,* power for devisees for life to cut down such timber as four trustees or the survivor "should assign, allow or direct;" and all of the trustees were dead.

*Maberly* v. *Turton, 14 Ves. 499,* a power to apply dividends for the maintenance of children, with the approbation of their parents; and none of the trustees ever acted.

Weiland *v.* Townsend.

and Jane Wylie, the widow of the testator, and Georgiana and Martha Wylie, her children by him, and John F. Wylie, his son by a former wife. The principal object of the suit is to obtain an immediate distribution of the testator's estate (it appears to be all personal), which is now in the hands of Townsend, as administrator and trustee, as above mentioned, among the next of kin of the testator. The testator died on or about the 1st of June, 1867. By his will, after directing that his debts be paid, he provided as follows:

"I order and direct, further, that the whole of the balance of my estate, of whatsoever nature and wheresoever situate, be and it is hereby placed in trust in the hands of my executor and trustee below named, who shall be and is empowered and directed to carry out and complete certain business engagements in which I am now interested, to form new engagements of like nature, to buy and sell property as, in his discretion and judgment, I myself might do.

" I further order and direct that the members of my immediate family shall be provided for by my said trustee out of my estate, each member thereof to receive an equal allowance, the amount of which shall be subject to the discretion of my said trustee; but each sum shall be at least sufficient in such case to keep the recipient thereof from actual want.

" I further order and direct that the trust which I hereby create shall cease and determine at the end of twenty-one years, when the balance of my estate remaining after the performance of the above conditions, shall be divided among my then legal representatives and assigns, in such proportions as to my said trustee may seem just and proper; and I do hereby em-

---

*Lockwood* v. *Stradley, 1 Del. Ch. 298,* a trust in executors and their survivor "to sell lands at such time or times as they can do it to the best advantage * * * as they may think best in their discretion," and to invest and ultimately divide the proceeds; all the executors being dead.

*Bull* v. *Bull, 8 Conn. 47,* "to A and B * * * with full confidence that they will * * * dispose of such residue among our brothers and sisters and their children as they shall judge shall be most in need of the same; this to be done according to their best discretion." Both A and B died. See also *Gilbert* v. *Chapin, 19 Conn. 350.*

*Mastin* v. *Barnard, 33 Ga. 520,* in trust for testator's daughters, "provided that my said executors may allow to the husbands of my daughters the net general proceeds of their shares, if they think it prudent to do so." They turned over one daughter's share to her husband, who afterwards died.

*City of Portsmouth* v. *Shackford, 46 N. H. 423,* " to dispose of, for the benefit of my brothers and sisters, as he [the trustee] might from time to time judge I would have done, if I could have foreseen the circumstances."

Weiland *v.* Townsend.

power him to make such division according to his best discretion and judgment; and, in making such disposition of my estate, I am governed by conclusions which are the result of long and careful reflection.

"And I do hereby appoint as such trustee, and also as executor of this will, Francis A. Canfield, in full confidence that its provisions will be faithfully executed."

The will was proved in Passaic county, and letters testamentary thereon issued to Francis A. Canfield, on or about the 15th of June, 1867. He died in 1876, and the defendant Nathaniel Townsend was appointed by the orphans court of that county, in that year, administrator *cum testamento annexo*, and trustee in his place. He was required to give bonds in the sum of $62,000, which he gave accordingly. The debts have all been paid, and all the duties to be discharged by Townsend in regard to the estate are those of a trustee.

The complainant insists that the will gave Canfield only a mere power, and that the power, being a discretionary one, expired with him; and that the residue of the estate is therefore immediately divisible among the next of kin of the testator. But it is clear that Canfield was clothed with more than a mere power. He was clothed with a trust. The testator declares that he places the residue of his estate *in trust* in the hands of his executor and *trustee*, and he subsequently speaks of the provision as the *trust* which, by the will, he has created. · He authorizes the trustee to

---

*Davis* v. *Christian, 15 Gratt. 11,* a testator conferring a power to sell lands in order to carry on a partnership, gives therewith a power which, although discretionary, survives.

*Faulker* v. *Davis, 18 Gratt. 651,* lands were conveyed to trustees in trust for N. and his wife, and the survivor of them for life, and then to their children, and if N. should think it expedient to sell the lots, then to carry out the sale and invest the proceeds on the same trusts. N. dies, and the court may execute the trust to sell.

*Chase* v. *Davis, 65 Me. 102,* "two-fifths for J. C. and S. C. in trust for S. and his wife, and if, after five years from my decease, they shall, in the exercise of their best judgment, consider it for the best interest and happiness of S. and his wife, to transfer to them said two-fifths, they are hereby authorized to execute such transfer." J. C. and S. C. duly qualified as executors and trustees, and S. C. died.

*Wilson* v. *Pennock, 27 Pa. St. 238,* "If he [the trustee] shall think it expedient, and the said M. shall assent thereto;" and the trustee died.

buy and sell property at his full discretion, and in terms gives him full power to divide the balance of the estate which may remain at the expiration of the time limited for the duration of the trust, among the testator's then legal representatives and their assigns in such proportions as to the trustee may seem just and proper, expressly and explicitly empowering him to make the division according to his discretion and judgment. The title to the estate was by the will vested in the trustee. Apart from the testator's declaration that he placed the estate in the trustee's hands in trust, denominating and characterizing the deposit as a trust and the depositary as a trustee, it was necessary for the execution of the ample power, and the exercise of the wide discretion given to the trustee by the will, that he should have the title. The distinction between a naked power and a trust has been said to be generally something like this: that a naked power is a mere authority over any subject matter, enabling the donee to control its disposition without vesting the thing itself, or any interest in it, in him; a trust, on the other hand, is where the thing or an interest in it is vested in the donee, upon the confidence that he will make a certain disposition of it. *Withers* v. *Yeaden, 1 Rich. Eq. 324.* The discretionary power given by the will to the trustee was coupled with a trust for the benefit of the testator's family. Such a power this court will itself execute according to equity, where the trustee dies before executing

---

*Hinklin* v. *Hamilton, 3 Humph. 569,* a successor to an executor who failed to apply to the court to obtain the state's consent to the manumission of a slave, may be appointed after such executor's death, and required so to apply.

*Baillie* v. *McWorter, 56 Ga. 183,* on the appropriation of trust funds to satisfy a creditor of the *cestui que trust,* the court appointed a receiver, the trustee having died.

*Mosby* v. *Mosby, 9 Gratt. 584,* "whenever my executors think best, they shall sell my land in B." One executor died and one had been removed.

In the following instances the courts have refused to interfere:

*Hibbard* v. *Lambe, Amb. 309,* "the residue to be disposed of in charity to such persons, and in such manner as my executors, or the survivor of them, shall think fit." Two of them having died, and a third being very infirm, application was made to the court to have other trustees added.

*Cole* v. *Wade, 16 Ves. 27,* "for such of my relations and kindred as they [the executors], in their discretion, shall think proper." Both executors died, the

it, or refuses to execute it, or if, from any circumstance, the execution of the power by him becomes impracticable. *Perry on Trusts* § *249*. Such a trust as that created by the will—a trust to take in hand and manage an estate at the trustee's full discretion, to make allowances almost entirely at his discretion to the testator's family, and at the termination of the trust to divide the estate among the testator's heirs or next of kin, or their assigns, in such proportions as to him may seem just and proper, acting in the matter according to his own discretion—cannot, for obvious reasons, be delegated, unless the creator of the trust himself has so provided. Where a testator gave his property to his son in trust to apply the income to the use of himself and family, and to give by deed or will all beyond what he should so apply, unto all or any child or children of his own, in such proportions and in such manner as he should see fit, and the son died, having devised the property to his wife, with directions to his executors to act under the will of his father, it was held to be a trust coupled with a power to appoint at his son's discretion among his children; that the power could not be delegated; that the son's will was not an execution of the power, and that his children took equally under their grandfather's will. *Withers* v. *Yeaden, ubi sup.* See also the cases cited in *Perry on Trusts* § *251*. And it is laid down as a general rule that where a power

survivor devising his interest in testator's estate to B. Neither B, nor a trustee designated by the court, could execute it.

*Down* v. *Worrall, 1 Myl. & K. 561*, to executors "to apply the same as I [testator] shall appoint, and in default of appointment as to any part, to settle such part at their discretion, either for pious and charitable purposes, or otherwise, for the benefit of my sister and her children;" not executable by the representative of the surviving trustee.

*Newman* v. *Warner, 1 Sim. (N. S.) 457*, "for W. and C. and the survivor of them and the executors and administrators of such survivor, at the request and by the direction of A and B," to preserve contingent remainders. Afterwards C. died and W. was resident abroad.

*Robson* v. *Flyght, 4 De G. J. & S. 608*, a power to lease lands, vested in two trustees and their survivor and his representatives, where one trustee died and the other disclaimed, was considered as not cast on the heir-at-law of the testator. See *Garfoot* v. *Garfoot, 2 Johns. Ch. 21*.

*Belote* v. *White, 2 Head 703*, to three trustees, with power in them or their

is given to trustees, the exercise of which is arbitrary, and the settlement contains no proviso for the appointment of new trustees with similar powers, it is not competent for the court, on the substitution of new trustees by its own inherent jurisdiction, to invest such trustees with that arbitrary power. *Lewin on Trusts 449.* But the court will not suffer the trust to fail for want of a trustee, and it will therefore appoint a successor, substituting equitable rules in the place of arbitrary power. In the case under consideration the new trustee does not, according to his answer, claim the right to exercise the arbitrary power given by the will to the trustee thereby appointed. He declares that the only control he has ever exercised over the estate has been for the purpose of preserving the trust funds and property, and executing the trust for the benefit of the testator's immediate family; that he never has assumed to himself the discretionary powers granted to Canfield by the will, nor has he ever assumed to exercise the same control over the property of the estate which came into his hands as the testator could (in the language of the will) have exercised if living, nor to complete any business arrangement entered into either by Canfield or the testator; and he adds that he knows of no business engagements or arrangements to be carried out. He further says that he has not claimed, and does not claim, the right to buy and sell prop-

---

survivor, to sell and convey any part or all of the property, for the use of testator's daughter and her children, to vest and revest the proceeds, and to manage the whole in any way they might think promotive of the interests of the beneficiaries.

*Bailey* v. *Burges, 10 R. I. 422,* "to B, his heirs and assigns, upon further trust from time to time, as and when the said B shall deem it expedient to sell or mortgage the whole or any part * * * at his discretion." B was removed by the court from the trust, on his own application.

*Littleton* v. *Addington, 59 Mo. 275,* a widow and another were empowered to sell lands "as they might deem best for the interests of the estate, and to use the proceeds with like discretion." The widow, after ceasing to act as executrix, has no power to sell.

*Riddle* v. *Cutler, 49 Iowa 547,* interference with a trust was refused, where a spendthrift had conveyed his property to a temporary trustee until a permanent one could be selected, and the former was dead and the latter not chosen.

Such power cannot be exercised, ordinarily, by an administrator *cum testa-*

Weiland *v.* Townsend.

erty on account of the estate, nor the right to enter into new business engagements, except under the advice of court. He has, he admits, made allowances to the members of the immediate family of the testator (but always, as he alleges, only out of the income of the estate, and having regard to the amount of the income and the rank and condition in life of the family), and he claims the right to make such allowances. He appears to have taken the advice and direction of the Passaic orphans court in reference to the propriety of making allowance to the complainant and John F. Wylie, and was advised by that court to make no allowance to the former, but to make one to the latter. The amount of the annual allowance to be made to the members of the testator's immediate family is, by the will, subject to the discretion of the trustee, with proviso that the allowance shall be at least sufficient to keep the recipients thereof from actual want. This discretion is one which the new trustee cannot exercise; but the amount of the allowances must be fixed by this court.

The testator clearly intended that the trust which he created by his will should last for twenty-one years. He makes no other provision for his widow than that contained in the trust— the allowance to be made by the trustee for her support, and the

*mento annexo. Brush* v. *Young, 4 Dutch. 237 ; Ross* v. *Barclay, 13 Pa. St. 179; Tainter* v. *Clark, 13 Metc. 220 ; Abell* v. *Howe, 43 Vt. 403 ; Belcher* v. *Branch, 11 R. I. 226 ; Knight* v. *Loomis, 30 Me. 204 ; Att'y-Gen.* v. *Garrison, 101 Mass. 223 ; 1 Wms. on Exrs. 654, note (w¹); Dominic* v. *Michael, 4 Sandf. 374 ; Ferrebee* v. *Proctor, 2 Dev. & Bat. 439 ; Armstrong* v. *Park, 9 Humph. 195 ; Besley's Estate, 18 Wis. 451; Wooldridge* v. *Watkins, 3 Bibb 349 ; Tarver* v. *Haines, 55 Ala. 503 ; Muldrow* v. *Fox, 2 Dana 74 ; Coleman* v. *McKinney, 3 J. J. Marsh. 246 ; Lockwood* v. *Stradley, 1 Del. Ch. 298 ; Greenough* v. *Welles, 10 Cush. 571.*

CONTRA: *Brown* v. *Armistead, 6 Rand. 594; Mosby* v. *Mosby, 9 Gratt. 584; Hester* v. *Hester, 2 Ired. Eq. 330; Mathews* v. *Meek, 23 Ohio St. 272 ; Elstner* v. *Fife, 32 Ohio St. 353 ; Bain* v. *Matteson, 54 N. Y. 663 ; Evans* v. *Chew, 71 Pa. St. 47 ; Harrison* v. *Henderson, 7 Heisk. 315; Anderson* v. *McGowan, 45 Ala. 462; S. C., 42 Ala. 280.*

N. B.—*Conklin* v. *Egerton, 21 Wend. 430 ; 25 Wend. 224,* doubted in *Elstner* v. *Fife, 32 Ohio St. 371; Anderson's Estate, 5 N. Y. Leg. Obs. 305 ;* and *Withers* v. *Yeaden, 1 Rich. Eq. 325,* qualified in *Lines* v. *Darden, 5 Fla. 79.*

distribution to be made at the end of twenty-one years from his death.  His language is :

> " I further order and direct that the trust which I hereby create shall cease and determine at the end of twenty-one years, *when* the balance of any estate remaining after the performance of the above conditions shall be divided among my *then* legal representatives and assigns."

His intention was that the estate should be held and managed by the trustee for the period which he designates as the duration of the trust ; his immediate family to be supported out of it in the meantime, and that it should then be justly and equitably divided among those who would at that time, by law, be entitled to it, either as his heirs or next of kin, according as the property should be real or personal ; and he confided the division to the trustee because the latter, from his administration of the estate in the meantime, making the allowances, &c., would be able to make the distribution according to justice.  The distribution, now that the trustee whom he appointed is dead, must be made by this court.  In the meantime, and until the time for distribution arrives, the estate will be managed under the direction of

---

As to an administrator *de bonis non,* see *Hull* v. *Hull, 24 N. Y. 647 ; Hepburn's Estate, 8 Phila. 206 ; Bell* v. *Humphrey, 8 W. Va. 1 ; Meredith's Estate, 1 Pars. 433.*  And an administrator *durante minore ætate.  Monsell* v. *Armstrong, L. R. (14 Eq.) 423.*  And an administrator or trustee authorized by special act of the legislature.  *Corbell* v. *Zeluff, 12 Gratt. 226 ; Tindal* v. *Drake, 60 Ala. 170 ; McComb* v. *Gilkey, 29 Miss. 146 ; Lothrop* v. *Stedman, 42 Conn. 583.*

The court of chancery may appoint a trustee where such power is conferred by testator on either one of two other courts, and they neglect to exercise it. *Griffith* v. *State, 2 Del. Ch. 421.*

Whether the survivor of two or more trustees can exercise a discretionary power of sale given to all, see *Clinefelter* v. *Ayres, 16 Ill. 329 ; Bartlett* v. *Sutherland, 24 Miss. 395 ; Mallet* v. *Smith, 6 Rich. Eq. 12 ; Clark* v. *Hornthal, 47 Miss. 434 ; Evans* v. *Chew, 71 Pa. St. 47 ; Phillips* v. *Stewart, 59 Mo. 491 ; Parker* v. *Sears, 117 Mass. 513 ; Davis* v. *Christian, 15 Gratt. 11 ; Hamilton* v. *Love, 2 Kerr 243 ; Marks* v. *Tarver, 59 Ala. 335 ; Saunders* v. *Schmaelzle, 49 Cal. 59 ; Niles* v. *Stevens, 4 Denio 399 ; Taylor* v. *Morris, 1 N. Y. 341 ; Chavet* v. *Villeponteaux, 3 McCord 19 ; Miller* v. *Meetch, 8 Pa. St. 417 ; Bell* v. *Humphrey 8 W. Va. 1.*  Or the executor of an executor, *Chambers* v. *Tulane, 1 Stock. 146.*
 See, further, *8 Am. Law Rev. 669 ; 2 Wms. on Exrs. 951 ; 2 White & Tud. Lead. Cas. in Eq. 1833.*—REP.

this court. There will be a reference to a master as to the amount and character of the estate; in what investment it stands and the character of those investments; what is the annual income derived therefrom, and in what payments it is received; the fitness of the present trustee, and whether he should give new bonds, and if so, to what amount, if he be favorably reported upon; and who now constitute the testator's immediate family, and what allowance ought to be made to each one for his or her support.