# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

JUNE TERM, 1920.

ANN ISABEL SMITH, by next friend, respondent,

*v.*

HARRY H. POND et al., executors, &c., and the FIRST METHODIST EPISCOPAL CHURCH OF VINELAND, appellants.

[Decided June 24th, 1920.]

Under the act (*P. L. 1905 p. 384*) a bequest to trustees of a church to be held in trust as an endowment fund for the support of the church, or such benevolent purposes as the trustees should direct, the corporation being organized under the Religious Societies act of 1846, does not violate the rule against perpetuities.

On appeal from a decree in chancery advised by Vice-Chancellor Backes, whose opinion is reported in *90 N. J. Eq. 445*.

*Mr. Herbert C. Bartlett* and *Mr. William E. Brown,* for the appellants.

*Mr. Ralph E. Lum,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The matter to be determined on this appeal is the true construction of the following bequest contained in the will of Anne Beaumont, who died in February, 1918:

"I order and direct my executors to sell at either public or private sale my home property now occupied by me, * * * and I do hereby give and bequeath to the trustees of the First Methodist Episcopal Church of Vineland, New Jersey, the amount of the net proceeds of said sale of my home. The said trustees to hold the amount received in trust, nevertheless, as an endowment fund. Said endowment fund to be safely invested, and the net income arising therefrom shall be used for the support of the church, or such benevolent purposes as the trustees of said church shall direct."

The executors have sold the land, but still retain possession of the proceeds of the sale pending the determination of the contention of the complainant that the bequest is void, being in violation of the rule against perpetuities. The argument in support of the complainant's contention is that the word "benevolent," by its natural force, includes more than legal charities; that when its signification is not narrowed by the context of the will a bequest for benevolent purposes is invalid under our decision in *Norris* v. *Thompson, 20 N. J. Eq. 489;* and that the present bequest comes within the doctrine there enunciated. The learned vice-chancellor before whom the cause was heard considered the complainant's contention well founded, and advised a decree adjudging that the bequest was illegal and void. From the decree thereupon entered the defendants appeal.

We cannot concur in the conclusion reached by the learned vice-chancellor. In our opinion the rule against perpetuities has no application to the bequest under consideration. The Methodist Episcopal Church of Vineland was organized under the Religious Societies act of 1846, its amendments and supplements.

By the provisions of that statute the trustees of the church are the corporate body. In 1905 the legislature passed an act entitled "An act concerning corporations of this state organized for religious, educational, charitable or benevolent purposes." *P. L. p. 384; Comp. Stat. p. 4300 § 14.* The body of the act declares that

"*every corporation* of this state organized for religious, educational, charitable or benevolent purposes under the provisions of any act of the legislature of this state, general or special, is hereby authorized to take and hold by purchase, gift, devise, bequest or otherwise, *for any religious, educational, charitable or benevolent purposes whatsoever*, such real or personal property, or both, as such corporation may require, or as, in any manner, may have been or may be vested in such corporation for any and all purposes; *and every such corporation* is further authorized to take and hold *in trust for any religious, educational, charitable or benevolent purposes whatsoever*, such real or personal property, or both, as, in any manner, may have been or may be given, granted, conveyed, *bequeathed* or devised to, or otherwise vested in such corporation *in trust for any of said purposes*." (The italics are ours.)

It needs no argument to demonstrate that the present bequest comes within the very words of this statutory provision. The legatee is a religious corporation of this state organized under a general act of the legislature. As such it is authorized by the express language of the statute to take and hold in trust for *benevolent purposes* such personal property as may be bequeathed to it. The use of the words "charitable or benevolent" in the statute shows that the purpose of the legislature was to validate trusts which were benevolent, although not charitable, in their nature. To hold otherwise would be in effect to expunge the latter word from the statute in disregard of one of the most important canons that the law has established for the construction of statutes and other written instruments. The reasoning of this court in *Norris* v. *Thompson, supra,* is controlling upon this point. The right of the corporation to receive the bequest carries with it, by necessary implication, the right of the testatrix to make it.

In justice to the vice-chancellor who heard the cause it should be stated that his attention was not called to the existence of this statute by any of the counsel who took part in the argument of the cause.

The decree under review must be reversed.

No. 61—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, ACKERSON—12.

No. 62—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, ACKERSON—12.