### EDITH REED MIERS

*v.*

### AMANDA PERSONS et al.

[Decided October 19th, 1920.]

1. Formerly a suit would not lie for the construction of a will without seeking equitable relief in the premises, but now any person claiming a right cognizable in a court of equity under a will or other instrument may apply for a declaration of the rights of the persons interested; but only such parties as are before the court would be bound by the decree.

2. A. R. by will bequeathed and devised the residue of his property to trustees to sell, convert, invest and reinvest the same, and pay the income therefrom to his daughter as long as she should live, and after her death, in case she should leave no issue, the *principal sum* to be paid to his next of kin surviving, and in case she died leaving issue, the income to be paid to such issue in the proportions that they would take property from her under the statute of distribution.—*Held* (*a*), that the *principal sum* to be paid on the death of the testator's daughter includes the entire residue of his estate, real and personal; (*b*) that upon the daughter's death without issue the *principal sum* would go to testator's next of kin surviving at the time of his death; (*c*) that upon the

daughter's death leaving issue the *principal sum* should be distributed to them in the proportion that they would inherit from her under the statute of distribution, the bequest of the *income* carrying with it the *principal* of the estate; (*d*) that the direction for paying the *principal sum* operates to convert the real estate into personalty as of the time of the death of the testator; (*e*) that the fee to the property is vested in the trustees subject to a *vested estate* in remainder in the children of the testator's daughter now living, subject to open and let in after-born children, if any, subject, also, to be divested in favor of the next of kin of the testator living at the time of his decease (other than his daughter) in the event of her death without leaving issue, which next of kin of the testator also take a vested estate in remainder, subject to be divested in favor of the issue of the testator's daughter at the time of her death, if any .she leaves her surviving, which would include her grandchildren and remoter descendants; and these vested remainders, contemporaneously residing in the next of kin of the testator and the issue of the testator's daughter, are called alternate, concurrent or cross-remainders.

On final hearing on bill and answers.

*Mr. Sackett M. Dickinson,* for the complainants.

*.Mr. Bayard Stockton,* for Alfred Reed Persons et al.

*Mr. Frank S. Katzenbach, Jr.,* for Edyth S. Miers et al., infant defendants.

WALKER, CHANCELLOR.

The controversy in this case is over the construction of the will of the late Supreme Court Justice Alfred Reed. The question arises upon the fifth item of his will. Omitting the provision for payment of part of the income of his estate to his wife for her life or widowhood, as she predeceased testator, the item reads as follows:

"I bequeath and devise the rest of my property to my son-in-law, Edward D. Miers, and my daughter, Edith Reed Miers, in trust, to sell, convert, invest and reinvest the same, and pay the income therefrom, in payment as nearly quarterly as possible to my daughter, Edith Reed Miers, as long as she shall live. * * * After the death of my daughter, Edith Reed Miers, in case she shall die leaving no issue, I direct the principal sum shall be paid to my next of kin surviving, and in case she dies leaving issue, I direct the income shall be paid to such issue in proportion that such issue would take property from her under the statute of distribution."

No directions as to present action by the trustees are solicited. Formerly a suit would not lie for the construction of a will without seeking equitable relief in the premises, the rule being that the court would only interpret the provisions of a will as an incident in the granting of relief, but now under the Chancery act (*P. L. 1915 p. 184 § 9*) any person claiming a right cognizable in a court of equity under a will or other instrument, may apply for a declaration of the rights of the persons interested. *In re Ungaro, 88 N. J. Eq. 25.*

The bill alleges that under the above paragraph of the will, if testator's daughter, Edith Reed Miers, dies leaving no issue, then the will is uncertain and indefinite as to whether it refers to testator's next of kin who shall be surviving at the time of his death, or to his next of kin who shall be surviving at the time of the death of the life tenant; that if the daughter dies leaving issue, no disposition is made of the principal of the estate, and the testator died intestate, except as to the disposition of income; that the words *"dies without issue,"* as used in the gift to the issue of testator's daughter, are uncertain and indefinite and possibly contravene the rule against perpetuities, and it may be that the testator died intestate as to the residue of his estate. The prayers are that the meaning and true construction of the will may be determined by the decree of this court, and that the rights of the various parties in and to the estate may be determined.

*First.* It is my opinion that the testator's direction that on the death of his daughter leaving no issue, the principal sum shall be paid to his next of kin surviving, includes the entire residue of his estate, real and personal.

Where, upon the death of a life tenant testator ordered the balance of his estate to be equally divided among his heirs, it was held that those terms meant his entire estate, real or otherwise. *Welsh* v. *Carter, 32 N. J. Eq. 177; affirmed, 33 N. J. Eq. 362.* I can see no difference between providing for the distribution of the *balance* of an estate, or paying the *principal sum* of which an estate consists to given distributees after the death of the life tenant.

*Second.* Was it the testator's intention in providing that upon the death of his daughter without issue the principal sum shall be paid to his next of kin surviving, to give his estate to his next of kin surviving at the time of *his* death or at the death of his *daughter?* I think the former.

In *Woodward* v. *Woodward*, 16 *N. J. Eq. 83,* the testator gave and bequeathed to his daughter the yearly income arising from a certain sum during her lifetime, and if she died leaving no lawful issue, the direction was to divide the fund between the testator's sons and daughters equally. He died leaving seven children besides the legatee for life, and it was held that by the terms of the gift the sons and daughters of the testator *living at his death* took a vested interest in the residuary gift, so as to be transmissible to their personal representatives, but defeasible upon the death of the legatee for life leaving issue. The law favors the vesting of remainders. *Havens* v. *Seashore Land Co., 47 N. J. Eq. 365, 369.* In the case *sub judice* upon the death of the life tenant, without issue, the residuary gift over is to the testator's next of kin. They, therefore, took a vested remainder in the fund, defeasible upon the death of the legatee for life leaving issue. The fact that the enjoyment is uncertain never interferes in the vesting of an estate. When the contingency is not in the person, but in the event or in the time of enjoyment, the interest is vested. *Van Dyke* v. *Vanderpool, 14 N. J. Eq. 198,* which is also apposite on the facts.

The bill sets out that the only heir-at-law and next of kin of Judge Reed is his daughter, Edith Reed Miers. If she dies without issue surviving, those who would take the estate under the will are not her next of kin, but his, and they would be such persons as would have been his next of kin at the time of his death, if he left no descendants. The judge's sister, Mrs. Amanda Persons, and her son, his nephew, Alfred Reed Persons, specific legatees under his will, were made parties defendant. Pending the suit Mrs. Persons died and her heirs-at-law were substituted as defendants in her place and stead. It is not, however, alleged that the sister would be the only next of kin if descendants of the testator were not living. I assume, however, that that is the fact. If not, and if the judge left any other sister or brother or

descendants of any such, they, not being before the court, would not be bound by the decree in this cause. *In re Ungaro, supra.*

*Third.* The provision that if the testator's daughter dies leaving issue the *income* shall be paid to them in the proportion that they would take property from her under the statute of distribution, if literally and strictly construed, would result in Judge Reed's dying intestate as to the *corpus* of the residue of his estate upon the happening of that contingency, because there is no disposition, in terms, of the *principal.* The law disfavors intestacy and endeavors by construction to hold that a testator has disposed of his entire estate. A cardinal rule of construction is, that whenever income is given to a legatee, in trust or otherwise, without limitation, the principal is regarded as bequeathed also. This is the settled law. It prevents intestacy and harmonizes with the rule against perpetuities. I am of opinion that Judge Reed *intended* by the ultimate gift of the *income* of his residuary estate to his descendants to bequeath to them the *principal* also.

At the time of making his will Judge Reed had two grandchildren, namely, Beatrice H. Miers and Edyth S. Miers, infant children of his daughter, Edith Reed Miers, and his solicitude, of course, was for them rather than for his sister and nephew living in Illinois, to whom he bequeathed specific legacies. It was undoubtedly his intention, to be gathered from the terms of his will as well as from the family relation existing between him and his direct descendants, to make ultimate disposition of the residue of his estate to them, and to provide for its going over to collateral relatives only in the event of failure of issue of his daughter. It is true that he did not use a proper and apt word to make the ultimate gift absolute in the issue of his daughter, but the word *"income"* should be construed as meaning *principal* (*Cody* v. *Bunn, 46 N. J. Eq. 131*), or the word *"principal"* should be substituted for the word *"income,"* to effectuate the intention of the testator. *Courter* v. *Stagg, 27 N. J. Eq. 305; Polley's Case, 70 N. J. Eq. 659*, and cases cited at *p. 662.*

*Fourth.* As to the character of the estate ultimately to be distributed: The testator left real and personal property. He bequeathed and devised the residue to trustees to sell, convert, in-

vest and reinvest the same, and pay the income thereof to his daughter for life, and after her death without issue, to pay the *principal sum* to his next of kin surviving; but in case of her death leaving issue he directed the income (to be construed principal, as above stated) to be paid to such issue in proportion that they would take property from her under the statute of distribution. This direction for *paying* the *principal sum* operates to convert the real estate into personalty as of the time of the death of the testator. *Dutton* v. *Pugh, 45 N. J. Eq. 426; Security Trust Co.* v. *Lovett, 78 N. J. Eq. 445.*

*Fifth.* As to vesting: The fee to the property in controversy is now vested in the trustees to whom it was bequeathed and devised, subject to a vested estate in remainder in the children of testator's daughter now living, subject to open and let in afterborn children, if any. *Clark* v. *Morehous, 74 N. J. Eq. 658.* This vested estate in remainder in the issue of the testator's daughter (which would include grandchildren and remoter descendants, *Security Trust Co.* v. *Lovett, supra*) is subject to be divested in favor of the next of kin of the testator living at the time of his decease (other than his daughter), in the event of the death of his daughter without leaving issue her surviving. The next of kin of the testator also take a vested estate in remainder. This is apparent from the decision in *Van Dyke* v. *Vanderpool, supra,* relied upon by Vice-Chancellor Leaming in *Potter* v. *Nixon, 81 N. J. Eq. 338,* and this in turn is subject to be divested in favor of the issue of the testator's daughter at the time of her decease, if any such shall then be living. Estates in remainder of this character are called alternate, concurrent or cross-remainders. In *Den* v. *Cook, 7 N. J. Law 41,* it was held that under the devise in question J. and P. took a vested estate, with cross-remainders, and a reversion in fee to the right heirs of the testator.

In *Den* v. *Crawford, 8 N. J. Law 90* (at *p. 96*), Chief-Justice Ewing spoke of two estates in contingent remainder to take effect not one after the other, but either the one or the other at the termination of the life estate, and these he called alternate or concurrent contingencies.

A decree will be made giving effect to the views above expressed.