Complainant, as vendor, seeks specific performance of a contract for the sale of real estate. Defendant, as vendee, resists performance on the ground that the title is unmarketable. The facts have been embodied in a written stipulation.
Complainant acquired title to the premises in the year 1901 by the following provisions of the joint will and codicil of Artemisia K. VanMeter and Martha J. VanMeter, of Salem, New Jersey: *Page 9 
"Where we live, house and land, to go to the Presbyterian Church of Salem, not to be sold, but for help in the future (for church and parsonage) as the town and church may need."
Complainant is a religious society organized under act of June 12th, 1797.
Complainant's contention is that this is a devise in fee with an attempted limitation upon the power of sale; that the right of alienation being an inherent and inseparable quality of an estate in fee-simple, in a devise of land in fee-simple a condition against all alienation is void, because repugnant to the estate devised. Potter v. Couch, 141 U.S. 296; Krueger v.Frederick, 88 N.J. Eq. 258, and Battin v. Battin, 94 N.J. Eq. 497,
are relied upon.
This contention overlooks the controlling circumstance that it is the rule against perpetuities which renders such a condition against all alienation void. But the rule against perpetuities, as applied to private trusts, does not apply to gifts to charitable uses. In neither of the three cases cited were the gifts to charitable uses. In the latter class of cases — gifts to charitable uses — the federal supreme court has determined that the rule defined in Potter v. Couch does not apply. SeePerin v. Carey, 24 How. 465, 495, and Jones v. Habersham,107 U.S. 174, 184. In the present case I am impressed that the gift can only be said to be to charitable uses. In Mills v.Davison, 54 N.J. Eq. 659 (at p. 664), our court of errors and appeals, consistently with Perin v. Carey and Jones v.Habersham, has determined that when the charitable use is created by gift, as distinguished from grant founded on a valuable consideration, the donor may impose conditions and limitations which shall prevent the diversion of the trust estate from the uses upon which the estate was granted, either by the voluntary or involuntary act of the donee. Accordingly it was competent for the donor of complainant herein to provide that the donee, a religious society, should use the property for church and parsonage and that it should not be sold. Nor is any failure of the donee to use the property for a church or parsonage operative either as a forfeiture of title or as a release from the inhibition against alienation. *Page 10 
In Mills v. Davison, supra (at p. 664), it is said: "Every conveyance to a charitable use is a conveyance to hold upon the trust declared, and the execution of the trust is a condition upon which the estate is taken and held, to be given effect to not by a forfeiture of the title, but by those methods by means of which a court of equity compels the performance of such trusts." The methods there referred to are specifically pointed out in Cuthbert v. McNeil 103 N.J. Eq. 184 (at p. 189);affirmed, 104 N.J. Eq. 495, and embrace only remedies in aid of the trust including proceedings before the chancellor under our statute (2 Cum. Supp. Comp. Stat. p. 2955) for the sale of the property free from the trust, when a sale will promote and benefit the trust, to the end that the proceeds of the sale may be held under a like trust.
Complainant's bill for specific performance may be dismissed; complainant's title is clearly unmarketable. *Page 11