Jeremiah T. Loockerman and others *vs.* Lyde G. McBlair and others.—*December*, 1847.

Under a devise " to my dear grand-children of my lots on *W. Point*, to them, and their heirs forever, to be equally divided among them." Grand-children born after the death of the testator do not take any thing.

In this case the devise is immediate: those entitled to the devised premises became so entitled as soon as the testator died. The description of the persons to take, is general; and only those who can take at the time of the testator's death, came within the description.

This devise comprehended all persons answering the description at the time of testator's death.

Appeal from the Court of Chancery.

The bill in this cause was filed by the appellants on the 2d May, 1845, and represented that the late *Jeremiah Townley Chase* was, in his life-time, seized of sundry lots on *Whetstone*

23   v.6.

*Point, in the City of Baltimore,* and being so seized at the time of his death, by his last will and testament, so executed as to pass real estate, devised the same to his *grand-children,* and departed this life; *that at the time of his death,* there were living the following grand-children, &c.; *that after the death of the said testator,* there were born the following children of his son, *R. M. C.,* viz: *Thomas, Sally, and Richard Chase,* who set up some claim under said will as grand-children, and as such, having a right to participate in said estate. The bill then proceeded to set forth the various interests and assignments of the devisees of the said *J. T. C.* under his will—alleged the estate could not be divided without loss to all the parties; that their interest could only be separated by a sale, which was prayed. Many of the parties were infants. After the answers were filed, and proof taken of the will of *J. T. C.,* dated 26th December, 1823, which contains, among others, the clause following, viz:

" I will, devise and give to my dear grand-children, my lots on *Whetstone Point,* Nos. 10, 11, 12, to them, and their heirs forever, to be equally divided among them."

On the 17th November, 1845, the Chancellor (BLAND) decreed that the real estate in the proceedings mentioned, be sold for partition, &c.

The trustee reported a sale, which was confirmed, when the cause was referred to the auditor for a distribution of the proceeds.

The auditor reported two accounts, in one of which he made no allowance to *Thomas, Sally, and R. M. Chase, Jr.,* grand-children, born after the death of the testator, *J. T. C.,* while in the other account, he placed those grand-children upon the footing of the others.

The Chancellor ratified the latter account; and the other grand-children appealed therefrom.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By McLean for the appellants, and

By Randall for the appellees.

Magruder, J., delivered the opinion of this court.

The late *Jeremiah T. Chase,* died in the year 1828. He made a will dated in 1824, to which several codicils were added. One of the devises is in these words : " I will, devise and give to my dear grand-children, my lots on *Whetstone Point,* Nos. 10, 11 and 12, to them, and their heirs forever, to be equally.divided among them."

At the time of executing the will, the testator had several grand-children in being. Others were born after the will was executed, but before his death ; and the son of the testator had three children born after the death of the latter ; the eldest of them was born in 1830.

An application having been made in behalf of the last three grand-children to be considered among the devisees, ( each entitled to an equal interest in the devised premises with each of the older children) the Chancellor so decided, and the single question now to be determined is, whether those three children born since the death of *Mr. Chase,* have, in the premises devised to his grand-children, the interest which the Chancellor has allowed to them.

If the property is not to vest immediately after the death of the testator, but the vesting of it in possession is postponed, then such grand-children as are born before the property does vest in possession, may take. In this case, however, the devise is immediate. Those who are entitled to the devised premises became entitled to the land, so soon as the testator died—the description of the persons to take is general, and only those, who at the time of the testator's death came within that description can take.

In 3 *Bro. Chan. Cases,* 404, note A, to *Andrews* and *Partington,* it is said that the testator's intent must prevail. This is not always the case. *Lord Eldon,* in *Walker vs. Shore,* 15 *Vez.* 125, said, "the construction I am obliged to make in this cause, may break in upon the actual intent of the testator :

this rule, we are told by the master of the rolls, 11 *Vez.* 238, is a rule of necessity, and as soon as any became entitled to a vested interest in possession, after-born children," (of course, grand-children,) are excluded.

But we discover nothing in this clause of the will, nor in all the clauses of the will taken together, from which can be inferred a manifest intent that all the children of his children, no matter when born, should have a portion of the estate devised.

The will itself, (if we knew nothing of the testator,) furnishes abundant evidence that it was written by a man able to express whatever was his intention. If indeed a doubt could exist in regard to the intent here, the question to which it might give rise could only be made by a different class of these claimants. Those born at the time of the execution of the will, might, with some reason, insist that the intent could not be to give to any who might be born afterwards, an interest in the devise, and might refer to the expression, " my dear grand-children," as not used in reference to children, who possibly may—but possibly may not—ever be in *esse*, and certainly not to those of whose existence, of course, he would not have any knowledge. This is the case, however, of a general devise to grand-children, as a class, and in such a case the authorities collected in the note to which reference has already been given in 3 *Brown*, show the devise " comprehends all persons answering the description at the time of the testator's death."

A decree will be signed reversing the Chancellor's order, and in conformity to this opinion.

The costs in chancery and in this court to be a charge upon the fund.                    **DECREE REVERSED.**