## Lucy F. Randolph

*v.*

## Mary Frances F. Randolph et al.

The net income of a specified amount was given by a testator to his widow for life, and his executors were instructed to invest one-third of the principal thereof in designated securities, and were given a qualified discretion as to the investment of the balance. They were also directed to set aside from the remainder of the estate a certain amount, " or property which they may deem to be fairly worth that sum," one-half of which should be in safe railroad bonds, or good bonds and mortgages, and the income therefrom should be paid to his children for life, " or to the heirs of any of my children." They were also to "promptly pay or set aside" $10,000, the income of which should be paid to B. for life, and to B.'s father for his life, should he survive B.; and $3,000 "shall be set aside and held in trust for each of my grandchildren *living at the time of my decease,* and shall be paid over to each of them, as he or she shall attain their twenty-second year of age." He then gave the residue of his estate to his surviving children, equally, and appointed his executors. —*Held,* that the executors were to be also trustees of all these funds; that the gift to the children was not within the rule against perpetuities, because the

Note.—A devise to children *living at the time of A's decease* was held to include a posthumous child of A, *Whitelock* v. *Hedden, 1 B. & P. 243;* Hale v. *Hale, Finch 50; Northey* v. *Strange, 1 P. Wms. 340; Clarke* v. *Blake, 2 Bro. C. C. 320, 2 Ves., Jr., 673, 2 H. Bl. 399; Trower* v. *Butts, 1 S. & S. 181; Crook* v. *Hill, L. R. (3 Ch. Div.) 773, 778; Groce* v. *Rittenberry, 14 Ga. 232; Barker* v. *Pearce, 30 Pa. St. 173; Laird's Appeal, 85 Pa. St. 339; Bedon* v. *Bedon, 2 Bail. 231; Pearson* v. *Carlton, 18 S. C. 56.* Contra, *Musgrave* v. *Parry, 2 Vern. 710; Cooper* v. *Forbes, 2 Bro. C. C. 63; Bate* v. *Amherst, T. Raym. 83; McKnight* v. *Read, 1 Whart. 213; Starling* v. *Price, 16 Ohio St. 29; Burke* v. *Wilder, 1 McCord's Ch. 551; see Sprackling* v. *Ranier, 1 Dick. 344; Gardiner's Estate, L. R. (20 Eq.) 647; In re Corlass, L. R. (1 Ch. Div.) 460; Armistead* v. *Dangerfield, 3 Munf. 20; and, also, Harper* v. *Archer, 4 Sm. & Marsh. 99, 43 Am. Dec. 472.*

So, of a devise to A's *children,* who should be living at A's death, and one child was born before A's death, and one afterwards, *Beale* v. *Beale, 1 P. Wms. 244;* see *Hyde* v. *Seymour, 1 Freem. Ch. 42.*

So, of a devise to J., in case he should leave no son at the time of his (testator's) death, and a son was born after testator's death, *Burdet* v. *Hopgood, 1 P. Wms. 486; Pear... Carrington, L. R. (8 Ch. App.) 969.*

So, of a bond to pay £500 to the obligor's daughter, in case he should have

Randolph *v.* Randolph.

issue of any child dying should be entitled to the parent's share of the income only until the death of all of testator's children, when the principal should be divided; that a grandchild born two days after testator's death took under the gift to each of his grandchildren "living at the time of my decease;" and that, under the residuary clause, the children took the principal of the gifts to the widow and to B. after their estates for life therein had determined.

Bill for construction of will. On final hearing on pleadings and proofs.

*Mr. J. F. Randolph,* for complainant.

*Mr. H. V. Condict* and *Mr. Anson Maltby,* of New York, for answering defendants.

THE CHANCELLOR.

Theodore F. Randolph, deceased, by his will made August 17th, 1883, among other things provided as follows:

"I also give to my said wife, in lieu of dower, the net income of $150,000, which amount shall be the first amount taken from my estate. One-third of

no son living at the time of his decease, and a son was born after his decease, *Gibson* v. *Gibson, 2 Freem. Gh. 223, 2 Eq. Cas. Abr. 769; Millar* v. *Turner, 1 Ves., Sr., 85;* see *Godfrey* v. *Davis, 6 Ves. 43.*

So, on a bequest to each and every of testator's children born, or thereafter to be born, and who should be living at the time of his death, with interest to be computed from the day of testator's death, the interest was allowed a posthumous child only from the day of its birth, *Rawlins* v. *Rawlins, 2 Cox 425;* see *In re Mowlem, L. R. (18 Eq.) 9.*

So, of a bequest "to each child that may be born to either of the children of either of my brothers, lawfully begotten," *Townsend* v. *Early, 3 De G., F. & J. 1.*

So, of a devise for life to H., remainder to his first son in tail male &c., *Reeve* v. *Long, 1 Salk. 228; Crisfield* v. *Stow, 36 Md. 129; Stedfast* v. *Nicoll, 3 Johns. Cas. 18; Watkins* v. *Flora, 8 Ired. 374, 13 Ired. 344; Smith* v. *McConnell, 17 Ill. 141;* see *McKnight* v. *Read, 1 Whart. 213; Gillespie* v. *Schuman, 62 Ga. 252; Gulliver* v. *Wickett, 1 Wils. 105.*

So, of an executory devise, *Luddington* v. *Kime, 1 Ld. Raym. 207.*

A gift "to each of the three children of my niece" will not embrace a fourth and posthumous child, *Emery's Estate, L. R. (3 Ch. Div.) 300;* but see *Goodfellow* v. *Goodfellow, 18 Beav. 356; Spencer* v. *W—— L. R. (9 Eq.) 507; Daniell* v. *Daniell, 3 De G. & Sm. 337; Early* v. *Middleton, 15 Jur. 867.*

Randolph v. Randolph.

this amount shall, by my executors, be invested either in the bonds of the United States, or in the best bonds of a state of the United States that has never defaulted in the payment of its obligations. The remaining two-thirds of the sum thus set aside, that is, the two-thirds of the $150,000, shall be as securely invested as my executors may decide, but not in less security than in first mortgage railway bonds of established value, and whose stock is of equal issue to the sum of the issue of the first mortgage bonds and has been fully paid in, the purpose being to have any investment for the benefit of my wife, under this provision of my will, of at least double value to the sum invested. At the decease of my wife whatever remains of the above sum of $150,000, or any accumulation therefrom, shall revert to and become a part of my general estate.

"Second. I order and direct my executors to set aside from the residue of my estate the sum of $200,000, or property which they may deem to be fairly worth that sum, one-half of which shall be in safe bonds of railway, or bonds and mortgages well secured and paying interest punctually; and the interest, income or receipt of profits arising from this sum of $200,000 thus set aside, invested and held in trust, shall be paid over quarterly in equal proportion to each of my surviving children, or to the heirs of any of my children. My desire is to put in trust, for the benefit of my children and their immediate heirs, by the above clause, a capital sum, the income of which shall be secured to them through life.

"Third. When the sums hereinbefore named shall have been fully secured to my wife, and to my children, my executors will promptly pay or set aside from the residue of my estate the following sums for the following persons or their benefit: a. The sum of $10,000, the income of which shall be paid semi-

The same construction has been given in the case of a devise to *grand-children* living at a designated time, *Hall* v. *Hancock, 15 Pick. 255; Hone* v. *Van Schaick, 3 Barb. Ch. 488,* reversed, *3 N. Y. 538;* see *Loockerman* v. *Mc-Blair, 6 Gill 177; Swift* v. *Duffield, 5 Serg. & R. 38; Smart* v. *King, Meigs 149.*

But a devise to great-grandchildren was held not to include a great-grand-child *in ventre sa mere* at the testator's death, *Freemantle* v. *Freemantle, 1 Cox 248.*

A gift was to C. for life, and afterwards to his children then living. C. was unmarried, but had illegitimate children living when the will was executed, of which fact it was assumed the testator was cognizant.—*Held,* that such children were excluded, *Warner* v. *Warner, 15 Jur. 141.*

A trust until the youngest of the children of donor's nephews and nieces who should be *born and living* at donor's death &c., was held not to include a child *in utero, Blosson* v. *Blosson, 10 Jur. (N. S.) 1113, 2 De G., J. & S. 665,* reversing *10 Jur. (N. S.) 165.*

As to a testamentary provision in favor of a child *in ventre,* see *Earle* v. *Wilson, 17 Ves. 528; Medworth* v. *Pope, 27 Beav. 71; Blakiston* v. *Haselwood, 15 Jur. 272, 10 C. B. 544; In re Lindsay, 5 Irish Jur. 97.—*REP.

yearly to my loved and faithful friend, Bessie L. Hoge, of Richmond, Virginia, and after her decease, her father surviving, the income aforesaid shall be paid to him during his natural life; upon the decease of both, the principal shall revert to my general estate. *b.* The sum of $3,000 shall be set aside and held in trust, principal and income, for each of my grandchildren living at the time of my decease, and shall be paid over to each of them as he or she shall reach their twenty-second year of age. *c.* The sum of $200 shall be paid to each of my servants who shall have been in my continuous service five or more years

"*Fourth.* I order and direct that so much of my estate as shall remain to me after the faithful execution of the above provisions and bequests, shall be distributed, share and share alike, to my surviving children."

He then appointed his three sons executors, and added :

"They will fully respect the convenience and wishes of their mother in executing the provisions of this will, so as to give her the least possible care or anxiety."

The questions which have arisen under the will, are whether the executors are trustees of the three funds of $150,000, $200,000 and $10,000, respectively, and the funds of $3,000 each for the grandchildren ; whether it was the testator's intention that all of his grandchildren, as well as his children, should have the income of the $200,000 fund ; whether the principal of the three funds of $150,000, $200,000 and $10,000 are disposed of under the residuary clause of the will, and whether Elizabeth F. Randolph, one of the testator's grandchildren, who was born two days after his decease, is entitled under the gift which he makes of $3,000 to each of his grandchildren "living at the time of his decease."

It is quite clear, from the language of the will itself, that the testator intended that the fund of $150,000 should be held in trust and administered by his executors. He expressly devolves upon them the duty of investing it, giving them a certain limited discretion as to the investment of a large part (two-thirds) of it. At the close of the will he directs them to respect the convenience and wishes of the legatee, their mother, in executing the provisions of the will, so as to give her as little care and anxiety as possible. From these provisions a trust in the execu-

tors is implied. *Jones* v. *Stites, 4 C. E. Gr. 324; Parker* v. *Moore, 10 C. E. Gr. 228.*

And so, too, a trust in the executors is implied from the provisions in regard to the $200,000 fund. The executors are required by the will to set aside the sum which is to constitute the principal of the fund, and in express terms they are required to exercise a certain discretion, at least, as to the sufficiency of the security of half of the sum so to be set aside. The whole provision shows that the testator intended that they should hold the fund in trust.

It is suggested that the gift of the last-mentioned fund is within the rule against perpetuities; but it is not liable to that objection. The object of the testator in establishing the fund was to secure the income of it to his children for life, in equal shares; the issue of any of them who should die before the death of his last surviving child to receive the income in the place of the parent until the death of the last survivor of his, the testator's, children. The words " or to the heirs of any of my children," and the words " and their immediate heirs," in the clause under consideration (and by the word " heirs " there he meant issue), are substitutionary. The expressions are used parenthetically, as is apparent from the testator's punctuation. The will is a holograph. In the clause by which the gift is made, he puts a comma after the word " children," and in the explanatory clause, " my desire is " &c., which follows it, he puts one after the word " heirs." The lifetime mentioned in the latter clause is not that of the issue of his children, but the lifetime of the children themselves. On the death of any of the children without issue, the whole of the income will go to the surviving children or child, and the issue of any deceased child or children stirpitally. The testator's children have a vested right to the fund, in equal shares in remainder, after the death of the last survivor of them. Such interest passes to them under the residuary clause of the will, if, indeed, it does not under the clause by which the fund is created.

It is to be observed that, while the testator directs that the principal of the fund set apart for his widow, and the principal

of that set apart for Bessie L. Hoge and her father, shall, after the death of the beneficiaries, become part of his general estate, he makes no such provision in reference to the $200,000 fund. He clearly intended to give that fund to his children, but meant to control it by means of the trust, so as to secure to them the benefit of the interest of it for life, and, in case of the death of any of them leaving issue, the issue should have the benefit of the interest, in place of the parent, until the death of the last survivor of the testator's children. That he did not mean to die intestate of any part of his property, is evident from the language of the residuary clause of the will.

Though the children are entitled to both the life interest and remainder of the fund, they are not entitled to a division of the fund among them. The trust is not a simple, but a special one, and hence the *cestuis que trust* have not the right to actual possession of the property, and to call upon the trustees to convey the legal estate at their direction. *Lewin on Trusts 21; Cooper* v. *Cooper, 9 Stew. Eq. 121.* That the testator did not intend that the fund should be divided until the death of the last survivor of his children, is obvious from the fact that he provides that the children of a decedent shall receive interest in the stead of the parent.

The principal of the widow's fund and the principal of the fund for Bessie L. Hoge and her father, pass to the children under the residuary clause. The executors are trustees of the $3,000 funds for the grandchildren.

Elizabeth F. Randolph, though not born in the lifetime of the testator (she was born two days after his death), is entitled to take under the gift of $3,000 to each of the testator's grandchildren living at the time of his decease. Under such a provision, a child *en ventre* at the testator's death is included. *Hawk. on Wills 79.*

Under the provision that the money shall be paid to the grandchildren as they shall respectively reach their twenty-second year, the money will be payable to them after and so soon as they shall have completed their twenty-first year.