IN THE

# COURT OF ERRORS AND APPEALS

## OF THE STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY.

#### MARCH TERM, 1876.

---

POST, appellant, and HERBERT'S EXECUTORS, respondents.

1. A legacy to a person "at" a given age, or "when," or "from and after" his attaining a given age, is, *prima facie*, contingent; but when it appears that such postponement of the gift is for the convenience of the estate, the rule does not apply.

2. Where land was devised to an executor in trust to permit the testator's son-in-law to have the possession and use until his youngest grand-daughter should attain the age of twenty-one, and then to sell it and distribute the proceeds, "share and share alike," among his grandchildren, *held* that such grandchildren took a vested estate on the death of the testator.

3. *Held*, further, that the grandchildren took as individuals, and not as a class, by force of the direction to divide among them "share and share alike."

---

The will of John Herbert, late of the county of Somerset, contained the following clause:

"I give and devise to my said executors all that tract of land and premises situated in the county of Genesee and State of New York, now in the occupancy of Abraham

Post, being the same conveyed to me by the said Abraham Post, by deed dated the 6th day of November, 1838, and in said deed particularly described, as by reference to the same, recorded in the Genesee county clerk's office, in Book 51 of Deeds, page 200, will appear, to have and hold the same in trust for the use of the said Abraham Post, he, the said Abraham, to have and enjoy the possession of the same, and the rents, issues, and profits thereof, until the youngest child of my daughter Amy Eliza attains the age of twenty-one years; and in case it should be advisable, at any time before the said child attains the age of twenty-one years, to dispose of the said farm or tract of land, I hereby authorize, empower, and direct my said executors (the written assent of the said Abraham Post being first had and obtained) to sell the said tract of land and premises at public sale, and the net proceeds of said sale to invest in some safe security, and the interest arising thereon pay over, annually, to the said Abraham Post, until the youngest child of my said daughter Amy Eliza attains the age of twenty-one years. After the said youngest child attains the age of twenty-one years, I order and direct my executors to sell the said tract of land at public sale, (if the same is not already sold, as above directed,) and the net proceeds of said sale, or the said principal sum invested as aforesaid, as the case may be, be by them divided between the children of my said daughter Amy Eliza, share and share alike."

The testator's daughter, Amy Eliza, was the wife of Abraham Post. She was dead at the time when the will was made. She left six children, all of whom were living at the testator's death. The youngest then was under six years of age; and the oldest over twenty-one. The executors proved the will on the 24th of March, 1856. Abraham Post, who is still living, received the rents, issues, and profits of the farm up to the time when the youngest of Amy Eliza's children attained to the age of twenty-one. After that, and in the year 1871, the executors sold the property. One of the children, Martha A., died under the age

of twenty-one, on the 26th of February, 1861, having never been married. Her administrator claims one-sixth of the proceeds of the sale of the farm. Her brothers and sisters, on the other hand, claim the whole. The executors, by the bill, ask for directions as to the payment.

*Mr. John H. Post,* for appellant.

*Mr. John T. Bird,* for respondents.

The opinion of the court was delivered by
THE CHIEF JUSTICE.

It will be observed that by the legatory clause which prefaces this opinion, the testator, John Herbert, devises to his executors the farm in question, to hold the same in trust for the use of his son-in-law, Abraham Post, until the youngest child of the deceased daughter of the testator, the late wife of the said Abraham, should attain the age of twenty-one years. Accompanying this trust, is a power in the trustees, dependent on the written assent of the *cestui que trust,* to sell the land, putting the proceeds to the same use during the same interval. Then follows the paragraph which has given rise to this controversy, containing a direction to the executors, " after the said youngest child attains the age of twenty-one years," to sell the said tract, if the same be not then already sold, and to divide the proceeds between the children of the said daughter of the testator, share and share alike. Martha A., one of the children of this daughter, having survived the testator, but dying before the youngest of said children had attained the age of twenty-one, the question now is whether this deceased child acquired, by force of this testamentary disposition, any interest in this fund which is transmissible to her representatives. On the part of the appellant, it is insisted that the interest of this deceased legatee was conditional on her surviving to the period of distribution, which was the arrival of the youngest of the children to majority. Opposed to this, the respondents urge that the

interest of such legatee was vested at the death of the testator, that is, was not in anywise subject to the condition specified.

It is an observable feature of the clause to be here construed, that it does not contain, in express terms, any immediate gift of the reversionary interest in this fund. The only gift to the children is embodied in the order that it be divided among them, and that division is to be made on the happening of the future event of the youngest child reaching twenty-one. Such a disposition, standing by itself, could not pass a present interest, but would leave the legacy itself contingent. A bequest to A, "at" a given age or marriage, or "when," or "from and after" his attaining a given age, is *prima facie*, contingent. Nor does the circumstance that the gift is to a class, affect the result. In *Locke* v. *Lamb, L. R. 4 Eq.* 373, a bequest of a sum of stock to be divided between all the children of B, as they should attain his or her age of twenty-one years, was adjudged to go only to such of the children as attained the prescribed age ; and in the leading case of *Leake* v. *Robinson,* 2 *Merivale* 363, the rule was treated as unquestionable, that by a mere direction to transfer or divide "from and after" a given event, the vesting would be postponed until that event had happened. There are very many cases to the same purpose, but it would be altogether useless to refer to them, for admitting the rule to be as here stated, and which is putting the case in the aspect most favorable for the appellant, there are other considerations which I think must, obviously, control the result.

The rule first stated, that where a legacy is given to a person when a future event happens, the legacy will be contingent until the occurrence of such event, is, like all other similar rules applicable to wills, a mere judicial exposition of the natural meaning of a certain form of expression. It is not an artificial contrivance, which, when present, is to have a supreme effect, but is a rule simply because the phrases in question, considered intrinsically, and without qualification *ab extra,* import a definite testamentary purpose. The phrase-

ology has received its accepted interpretation, because it is supposed that such interpretation will carry out the view of the testator. The consequence is, the rule is always subject to be modified or abrogated by the conditions of the case to which it is applied; and thus a number of admitted exceptions to it have supervened.

And it seems to me the present case is very clearly embraced in one of such exceptions. The rule and the exception to which I now refer, are very distinctly stated and explained by Vice-Chancellor Wigram, in the case of *Packham* v. *Gregory*, 4 *Hare* 398. His words are: "If there is a gift to a person at twenty-one, or on the happening of any event, or a direction to pay and divide when a person attains twenty-one, there, the gift being to persons answering a particular description, if a party cannot bring himself within it, he is not entitled to take the benefit of the gift. There is no gift in those cases, except in the direction to pay, or in the direction to pay and divide. But if, upon the whole will, it appears that the future gift is only postponed to let in some other interest, or, as the court has commonly expressed it, for the benefit of the estate, the same reasoning has never been applied to the case. The interest is vested, notwithstanding, although the enjoyment is postponed."

Now in the present case, it seems to me that the purpose of the testator in deferring the payment to the children of these legacies until the youngest should come of age, is perfectly manifest. It was to keep the family together and provide a home for all the children until the period of distribution. I am at a loss to perceive any other motive for this provision. The payment most evidently was not postponed on account of anything personal to the legatees. There were six children, and the eldest was over twenty-one and the youngest under six years of age when the testator died; so that the coming of age of the youngest was, as to the class, a disconnected event, which could not confer a personal qualification on them as individual legatees. Without looking for the intention in other parts of the will, I think, from this clause alone, the purpose

to postpone the payment of these legacies, solely for the con-venience of the estate, and to let in the interest deposited in the son-in-law, is unmistakably shown. It is seldom, indeed, that among the cases which have been adjudged, such intent has been so manifest. A large number of cases which exemplify this subject will be found in the ordinary text writers. 1 *Roper on Leg.* 572 ; *Hawkins on Wills* 232 ; 1 *Jarman on Wills* 763.

The doctrine has also been adopted and settled by several decisions in the courts of this state. *Fanly* v. *Klive,* 2 *Penn.* 754 ; *Wintermute* v. *Snyder,* 2 *Green's Ch.* 489 ; *Vandyke's Adm'r* v. *Vanderpool's Adm'r,* 1 *McCarter* 198 ; *Howell's Ex'rs* v. *Green,* 2 *Vroom* 570 ; *Thomas' Ex'r* v. *Anderson's Adm'r,* 6 *C. E. Green* 22 ; *Montgomery's Ex'r* v. *Beatty's Adm'r, Id.* 324.

My conclusion, therefore, on this point is, that by the paragraph of the will above quoted, an intent is shown to defer the time of the payment of these legacies to answer an obvious purpose, which was to vest an intermediate interest in the father of the legatees, and that the legal consequence of such an indication must be, to convert the direction to divide the moneys at a future time, into an immediate gift, that vested on the death of the testator.

Nor do I find any difficulty in the argument that in the present case, the event on the happening of which the payment is made to depend, being uncertain, the legacy itself must be considered contingent. This effect is produced only when the *time,* when the contingent event, on the happening of which the payment is to be made, is to take place, is uncertain. In such case, it may well be presumed that the testator did not intend to make any gift, unless the event should happen and the time of payment should be thus fixed. Thus, if here the legacies had been made payable on the marriage, instead of at the majority of the youngest child, the time of payment as well as the event on which it was to be made, would have been uncertain, and the legacies would not have vested antecedently to the occurrence of the marriage. But where a legacy is

given to A, payable to him at twenty-one, or when he arrives at twenty-one, there is no uncertainty as to the time when the money is to be paid, and the consequence is, if we consider such a case on the assumption that the legatee need not survive to the prescribed age as a condition precedent to his right to claim the money, it will be manifest that all uncertainty is removed from the affair. It is upon this theory that the cases have been founded. Mr. Hawkins, in his treatise on wills, page 225, says: "A bequest to A, *at* twenty-one, and a bequest to A, *payable* at twenty-one, do not much differ in expression; yet one is a vested, the other a contingent gift." The meaning of this is, that where the gift is immediate, the interest vests at once; that is, the survival to the designated age is not a condition on which the legacy is founded; and this being so, the reference to the majority of the legatee operates as a mere notation of the time when the money is demandable. In the case of *Atkins* v. *Hiccocks*, 1 *Atk.* 500, Lord Hardwicke evidently points to this distinction. The bequest in that case was to Elizabeth Hiccocks of £200, *to be paid* at the time of her marriage, or within three months afterwards, provided she married with the approbation of, &c. The legatee died unmarried, and the question was whether she took a vested interest, transmissible to her administrator, and the answer was in the negative, the Lord Chancellor saying: " I am of opinion this was not a vested legacy; in the common cases of legacies to be paid at the age of twenty-one, there is a certain time fixed, not to the thing itself, but to the execution of it, and the time being so fixed, must necessarily come; but when the time annexed to the payment is merely *eventual*, and may or may not come, and the person dies before the contingency happens, I can find no instance in this court where it has been held that the legacy, at all events, should be paid." And further on he says, that it has always been held, with regard to a legacy "given to be paid at twenty-one," that such a limitation of payment was *debitum in presenti, solvendum in futuro*. *Boraston's case*, 3 *Rep.* 19, is also a leading authority on this subject. In it the devise was to a man and

his wife for eight years, and after that term the lands were to remain to the executors of the devisor until such time as Hugh Boraston should accomplish his full age of twenty-one; the mesne profits to be employed by the executors towards the performance of the testator's will; and *when* the legatee should attain twenty-one, *then* that he should enjoy the estate to him and his heirs. Hugh died before twenty-one, and the Court of King's Bench decided that the remainder was vested in him on the death of the devisor, with a postponement of the possession until he completed the age of twenty-one. *Lane* v. *Goudge*, 9 *Ves.* 226; *Taylor* v. *Biddall*, 2 *Mod.* 289, and *Manfield* v. *Dugard*, 1 *Eq. Cas. Abridg.* 195, stand on the same footing.

It is plain from these cases and from a host of others that might be cited, that a direction to divide a fund on the coming of age of the legatees, or of any of them, will not prevent the legacy from being considered to be vested on the death of the testator, if the intent to effect such purpose is otherwise shown. With respect to the further position that this bequest is to the children as a class, and not as individuals, and that, consequently, a joint tenancy was created, it is sufficient to point to the fact that the division is directed to be made between these legatees, "share and share alike." These are clear words of severance, denoting plurality of interests among the objects of the gift, and, therefore, the rule invoked is excluded. The authorities are clear upon this point. *Hawkins on Wills* 112; *Westcott* v. *Cady*, 5 *Johns. Ch.* 335; *Vreeland* v. *Van Ryper*, 2 *C. E. Green* 134.

The decree appealed from should be affirmed, with costs.

Decree unanimously affirmed.