Cooper v. Cooper.

---

FRANCIS T. COOPER et al.

*v.*

RALPH V. M. COOPER, JR.

A testator directed that the defendant's share of his *personal* estate should be retained in the hands of his trustees, and the income thereof be appropriated to the defendant's support and maintenance, at their discretion. He further directed that defendant's share of his *real estate* should continue to be held in trust and the income alone thereof appropriated as he had previously directed in the case of defendant's share of the personal estate. On partition sale of testator's real estate—*Held,* that defendant's share of the proceeds must be retained by the trustees, and the defendant receive only the income thereof during his lifetime.

Cooper *v.* Cooper.

Bill for partition. Answer in nature of cross-bill. On final hearing.

*Mr. John F. Joline,* for complainants.

*Mr. H. A. Drake,* for defendant.

THE CHANCELLOR.

This is a suit for partition, and the question presented is whether the defendant is entitled to a decree directing that the proceeds of the sale of one-sixth of the land, in respect to his interest in which he is made a party, be paid over to him. The parties claim title under the will of Dr. Joseph Fifield. By the will, the testator devised all his real estate to his trustees for the purposes of the will, as thereinafter set forth. By a subsequent clause of the will, he directed his trustees, when his youngest grandchild should reach majority, to convey all his real estate, except certain ground rents, to all the children of his daughter Louisa, except one whom he names, and for whom he had otherwise provided, and the issue of such as might be dead leaving issue, in equal shares as tenants in common; the issue of any deceased child to take the share which the parent would have taken if living, except the share of his grandson, Ralph V. M. Cooper (the defendant), which should continue to be held in trust as before provided and the income alone thereof appropriated as he had previously directed in the case of his share of the personal estate. The direction referred to is that the share (of personal estate) shall be retained in the hands of the trustees, and the income thereof be appropriated to the defendant's support and maintenance, at their discretion. There is no further provision in reference to the defendant's share of or interest in the real estate. The defendant insists that the trust is a dry one; that he is the equitable owner of the fee of the share, and that as the trust is to appropriate the income to his benefit he is entitled to have the proceeds of the sale of the share under the proceedings for partition paid to him. He seeks to nullify the

trust. The principles which govern the subject are familiar elementary law. A simple trust is where the property is vested in one person in trust for another, and the nature of the trust not being qualified by the settlor is left to the construction of the law. In this case, the *cestui que trust* has *jus habendi,* or the right to be put in actual possession of the property, and *jus disponendi,* or the right to call on the trustees to execute conveyances of the legal estate as the *cestui que trust* directs. A special trust is where the machinery of a trustee is introduced for the execution of some purpose particularly pointed out, and the trustee is not, as in a simple trust, a mere passive depositary of the estate, but is called upon to exert himself in the execution of the settlor's intention. *Lewin on Trusts 21.* The trust under consideration is not a simple but a special one. Under a simple trust the *cestui que trust* has the right to immediate possession, but under a special trust he can only enforce in equity the intention of the settlor to the extent of his interest. The trust here is to hold the share and collect the income and appropriate it, at the discretion of the trustees, to the support and maintenance of the defendant. The trust is an active one. It involves confidence, discretion and active duties. *Hardenburgh* v. *Blair, 3 Stew. Eq. 645; Force* v. *Brown, 5 Stew. Eq. 118.* The title to the share is in the surviving trustee, and the defendant is in equity entitled to the benefit of the income (but only to that) for his life. The will gives him the benefit of that alone. It directs that the income "alone" shall be appropriated to his support, and that the trustees shall continue to hold the share. The proceeds of the sale of the share will be held by the surviving trustee in place of the share and on the same trust.