In the matter of the guardianship of CHARLOTTE COOK, RUTH JOYCE COOK, EDMUND DUNHAM COOK, GEORGE REA COOK, 3D, and MARGARET EVA COOK, minors.

[Submitted July 19th, 1919. Decided August 7th, 1919.]

1. Where guardians invested in securities on which interest had accrued, commissions were improperly allowed on the collection of the interest as income.

2. Where the income received by a guardian from a ward's estate exceeded the ward's requirements, and the excess was carried to the principal of the estate and invested, commissions were properly calculated on the income, but improperly allowed again on the excess as principal.

3. Under our statute regulating commissions, where two guardians turned over the estate to the ward on her majority, commission was improperly allowed on the accrued interest on the securities turned over, as it had never come into the hands of the guardians.

4. Where the rate of commission was fixed by an order of the orphans court, and the sum of percentage allowed by the decree confirming their account, the remedy of the ward was by appeal either from the order or the decree within the period of three months limited by law.

5. Where the sum allowed guardians as commissions was within the limits prescribed by statute, in the absence of a timely appeal directly attacking the allowance, it must be assumed to have been arrived at by the orphans court after due consideration.

———

*Mr. Malcolm G. Buchanan* and *Mr. Linton Satterthwaite,* for the appellants.

*Mr. Frank S. Katzenbach, Jr.,* for the respondent.

BACKES, VICE-ORDINARY.

This appeal is from an order of the orphans court of Mercer county refusing to open, restate and resettle the account of Margaret P. Hewitt and Henry Palmer, guardians of the above-named minors, in so far as it affects Charlotte Cook. The account was allowed and confirmed by the orphans court February 11th,

1916, and shows total net assets of $722,532.24, of which Charlotte Cook's share was $144,506.44, to which she was entitled to payment, having attained her majority on that day. In a subdivision of the account is set forth a schedule of the securities to be turned over to her, upon which there was accrued interest of $703.39, making a total of $145,209.83. A flat commission of five per cent. on *corpus* and income was allowed to the guardians, and it was left to the clerk of the court to make the calculation. The amount thus calculated, $7,260.49, was incorporated in the final account as a discharge, leaving a net balance of $137,-949.34, which was paid to the ward. On August 3d, 1916, Charlotte Cook and her mother, Margaret P. Hewitt, one of the guardians, petitioned the orphans court to open and correct the account because of errors in the calculation of commissions in three several respects. The rule to show cause, granted on the petition, was discharged by an order March 11th, 1919, and from that order this appeal was taken.

1. The guardians invested in securities upon which interest had accrued, and necessarily laid out amounts equal to the principal and interest. Commissions were allowed on the collection of the interest as income. Manifestly, it was not income; it was simply the return of the principal of the estate advanced for interest. *Metcalfe* v. *Colles, 43 N. J. Eq. 148.*

2. The income exceeded the requirements of the ward, and the excess was carried to the principal of the estate and invested. Commissions were calculated on the income, which was proper, but they were again allowed on the excess, as principal, which, of course, was wrong. On the argument counsel for the guardian-respondent intimated misgivings, and in his brief admits that there was a duplication. That there was is so palpable that I wonder why it was not conceded in the court below and there corrected.

3. The third overtaxation complained of was this: When the guardians turned over to their ward the estate of $144,506.34, represented by thirty different securities, there had accrued upon these securities interest aggregating $703.39, to which I have already alluded. Commission was allowed on the interest. The

interest never came to the hands of the guardians. When they turned over the securities to their ward, in discharge of their liability, it was not then due, and it passed with the securities as accretions, and was collected by the ward. Compensation to guardians is statutory, and is measured by their actual pains, trouble and risk, not to exceed five per cent. of assets actually handled. The statute is explicit. The rate is limited to the amount of "the estate and interest or income received," not to exceed "the sum of five per centum on said estates and the income received by such guardian." *Comp. Stat. p. 3861 § 131.* Treating this interest as income received by the guardians was not justified by the facts, and the allowance of commission thereon is not warranted by the statute. In *Metcalfe* v. *Colles, supra; Flaacke's Estate, 64 Atl. Rep. 1024; Pomeroy* v. *Mills, 37 N. J. Eq. 578,* commissions were disallowed because the items, although part of the estates upon which they were appraised, never came into the hands of the accountants.

This disposes of the grounds assigned in the petition to the orphans court. The order discharging the rule to show cause is reversed, with directions to open the account and to restate and resettle it accordingly. The appellants are entitled to costs.

When the appeal was brought on for hearing the appellants' counsel asked leave to amend the petition to open the account, to enable him to charge that the allowance of five per cent. commissions on *corpus* and income was excessive, considering the pains, trouble and risk of the guardians. The rate was fixed by an order of the court, and the sum of the percentage allowed by the decree confirming the account. The appellants' remedy was by an appeal either from the order or from the decree. To have granted the motion would have been, in effect, to circumvent the bar of the statute, which limits the time for taking an appeal to three months. *Comp. Stat. p. 3889.* Besides, the commissions were not included in the account by mistake. Decrees of orphans court on final settlement of accounts of guardians are conclusive upon all parties, except, *inter alia,* for "some fraud or mistake therein" proved to the satisfaction of the court. *Comp. Stat. p. 5857 § 127.* The sum allowed was within the limits of the

statute, and, in the absence of an appeal directly attacking the amount, it must be assumed to have been arrived at by the court below after due consideration. *Johnson* v. *Eicke, 12 N. J. Law 316.* Two cases (*Culver* v. *Brown, 16 N. J. Eq. 533,* and *Jackson* v. *Reynolds, 39 N. J. Eq. 313*) were cited as supporting the appellants' contention. Upon examination it will be found that the accounts were opened for mistake in exceeding the rate of compensation fixed by the statute.

In *Cook's Guardians, 90 N. J. Eq. 276,* I had before me an appeal from the decree of the orphans court allowing commissions on the *corpus* of the remaining four minors named in the title hereof. The accounts were filed in September, 1917, and were final as to Mr. Palmer, he having then resigned. In view of what was there said, that the estates were managed as a unit, and that the same scrupulous care and attention was given to each (this applied to Charlotte's), and the fact that the *corpus* of Ruth's estate, the administration of which was then drawing to a close, was taxed at the rate of three per cent., although the guardians served a year and a half longer, it is, indeed, difficult to understand upon what theory Charlotte's estate was charged five per cent. The record brought up by that appeal is, of course, not before me, but the report of the case indicates excessiveness of commissions in the present case if those there allowed were fair and just. However, the appellants, apparently, did not feel themselves aggrieved until long after the time had elapsed for taking an appeal, and as the allowance, if excessive, was judicial error reviewable by appeal only, and not a mistake correctible as such in the court below or here, they must be held to be concluded.