G. EDWARD CHRISTINE, complainant,

*v.*

HORACE F. BALDWIN, defendant.

[Decided October 19th, 1923.]

Where property is left to trustee to pay income to a life tenant, and upon her death to pay over, transfer and convey the principal to designated persons, the trust does not cease upon the death of the life tenant, but the trustees are under a further duty to convey to the persons designated in the will, and their deed, executed for that purpose, is good.

On motion to dismiss bill.

*Messrs. Smith & Slingerland,* for the complainant.

*Mr. Gilbert M. Cornish,* for the defendant.

BACKES, V. C.

The bill is filed to compel the defendant to take and pay for land which he agreed to buy from the complainant. The defendant moves to strike out the bill because, as he says, that on its face it shows that the complainant has not a marketable title. From the complainant's chain of title set out in the bill it appears that the property belonged to one Frederick H. Smith, Jr., who died in 1916, leaving a last will and testament in and by the third clause of which he provided:

"*Third:* I give. devise and bequeath all the rest. residue and remainder of my estate, both real and personal, of whatsoever nature and description and wheresoever situate, of which I shall die seized and possessed or to which I shall, in any manner or way, be entitled at the time of my death, as follows:

"1. A one-quarter part of my said residuary estate to my executors. hereinafter named. jointly. in trust nevertheless, to hold and manage, invest and reinvest the same, and to collect and receive the interest.

rents and income arising therefrom, and to pay over the net interest, rents and income thereof to my wife, Joanna D. Smith, in quarterly payments during her life; and upon her death to pay over, transfer and convey the principal of said one-quarter part of my said residuary estate to my then living issue, share and share alike, taking *per stirpes* and not *per capita*, absolutely.

"2. A one-quarter part of my said residuary estate to my daughter, Josie Downing Field, absolutely.

"3. A one-quarter part of my residuary estate to my son, Frederick H. Smith, 3rd, absolutely.

"4. A one-quarter part of my said residuary estate to my son, Karl G. Smith, absolutely."

By the fourth clause he provided:

"*Fourth:* I hereby authorize and empower my executors hereinafter named, and the survivor of them, both in their capacity as such executors and also as trustees of the trust created under subdivision 'I' of the third paragraph or clause of this my will, to invest and reinvest the assets of my estate and of the said trust so created under this my will, in any bonds, stocks or securities, or in any manner in their absolute discretion, acting in good faith, and shall not be confined to the usual investments which trustees, by mere virtue of their office, are authorized to make in the states of New Jersey and New York. And I do hereby further authorize and empower them, or the survivor of them, to sell, mortgage, lease or otherwise dispose of any or all of my said estate and the assets of said trust, both real and personal, at public or private sale, at such time or times and upon such terms as to them, or the survivor of them, may seem proper. And further, to settle and compromise any claims I may have against others in such manner and at such time or times and upon such terms as to them, or the survivor of them, may seem proper."

The life tenant died in 1918, and thereafter the surviving executor and trustee under the will conveyed the land to the complainant's predecessors in title.

The contention of the defendant is that as the trust came to an end upon the death of the life tenant that thereby the trustee's right to exercise the power terminated. This view is not sound. The trustees held the property in trust not only to pay the income to the widow but also in trust to convey. The title remained in them until it was paid over and their duties and powers did not cease until they so devested themselves. The trust was not self-executing. *Phil-*

*lips* v. *Vermule, 88 N. J. Eq. 500.* Under the terms of the power given by the will, which are of the broadest nature, the trustees had authority to convey not only during the existence of the life interest but also for the purpose of carrying into effect the provisions of the will to "pay over, transfer and convey." For convenience of distribution it was within their discretion to convert the trust estate into money, or they could have conveyed it in kind. *Hatt* v. *Rich, 59 N. J. Eq. 492.* The *cestui que trust* could have elected to receive in kind. *Huber* v. *Donohue, 49 N. J. Eq. 125.*

The complainant has good title to convey. The motion to dismiss will be denied.