The bill is for the partition of land of Mary Riley, deceased, among her six children, the child of a deceased daughter, Katherine, and the child or a devisee of a deceased son, Michael.
The first dispute to be settled is whether the mother had title. The property at one time belonged to the son, Michael. He conveyed it to his father. Upon delivery of the deed the father declared in writing that he held the property in trust to (a) allow Michael to use it; (b) convey or mortgage it upon "the written request of the said Michael Riley under his hand and seal and endorsed on such deed or mortgage to be executed by virtue hereof and not otherwise;" the proceeds of the conveyance or mortgage to go to Michael; (c) hold it to the use of the father and his wife Mary and the survivor of them in fee if either or both survive Michael; (d) *Page 373 
convey it as Michael should appoint by will, if he survives both parents. Upon the death of the father his oldest son, Patrick, conveyed the property to the mother, Mary, and Michael wrote on the deed and signed under his seal "I hereby request the said Patrick F. Riley trustee to execute the within deed of conveyance and hereby ratify the same."
Upon the death of the father, the title passed to the oldest son, his common law heir, upon the same trusts. Schenck v.Schenck, 16 N.J. Eq. 174; Wills v. Cooper, 25 N.J. Law 137.
Patrick executed the trust with all the formality required by the second or "b" declaration of trust and his conveyance vested the fee in the mother.
It is the claim of the contesting defendants that the father was only momentarily seized of the land, because by declaration "a" of the trusts he held the title to the use of Michael, and that as the use was executed by the statute of uses (section 7 of the Conveyance act — Comp. Stat. p. 1536), the title revested immediately in Michael; and that the father had no estate and none devolved upon the heir at law. They add, that Michael did not convey the land to his mother by subscribing to Patrick's deed to her. His assent of course did not make it his deed.Jason v. Johnson, 74 N.J. Law 529.
There would be merit in the point were there but a single use.Mellick v. Pidcock, 44 N.J. Eq. 525. Here the uses declared by the father are multiple and shifting. That to Michael's use "a," upon which the argument is predicated, is qualified by declaration "c" to the use of the father and mother and the survivor if they, or either, survived Michael. Furthermore, declaration "b" above quoted, pursuant to which the trustee conveyed the title to the mother, as well as "d," creates trusts to convey which the statute of uses does not execute. Phillips
v. Vermeule, 88 N.J. Eq. 500. The title in the mother is valid and partable.
Michael was married at the time he conveyed to his father. His wife did not join in the conveyance. Michael is dead. His widow is entitled to dower. She claims one-half of the estate for life under the amendment of the Dower act of 1927. P.L. 1927 p. 124.
Michael was seized of the land *Page 374 
prior to the amendment. The amendment operates only on land of which the husband became seized after the amendment went into effect and was not intended to enlarge a wife's inchoate right of dower at the expense of her husband's or his grantees' estate.Gerhardt v. Sullivan 107 N.J. Eq. 374; Joseph v. Fisher,23 N.E. Rep. 856.
Michael became seized of a one-eighth interest in the land upon the death of his mother after the act went into effect, and to the extent of that interest the widow is entitled to dower in one-half of this fraction as a part of her dower in the whole of the estate.
Michael died leaving a daughter. His inheritance from his mother descended to the daughter unless it be true as alleged, that he left a will devising his estate to a niece. The will has not been probated, nor has it been offered in evidence in this suit. If it is valid it passes title to real estate without official probate and may be proved in this suit. Proof may be offered on notice.