STELLA D. BROWN, formerly STELLA D. GUTER, complainant-respondent,

*v.*

FIDELITY UNION TRUST COMPANY, as executor and trustee under the last will and testament of Julius M. Guter, deceased, defendant-appellant, and IRVING HUPART, guardian *ad litem* for defendant JOHN DUFF BROWN, an infant, defendant-respondent.

[Argued May 28th, 1940.   Decided October 10th, 1940.]

*Mr. Aquila N. Venino,* for the complainant-respondent.

*Mr. Charles Danzig* and *Messrs. Hood, Lafferty & Campbell,* for the defendant-appellant.

*Mr. Irving Hupart,* for the defendant-respondent, Irving Hupart, guardian *ad litem* for John Duff Brown.

PER CURIAM.

The facts, which appear in the opinion filed in Chancery, bring the case well within the rule stated by this court in *Filley* v. *Van Dyke, 75 N. J. Eq. 571:* "The assumption of jurisdiction by Chancery in cases where the Orphans Court has already entertained an accounting and has not completed it by a final decree thereon, rests in the sound judicial discretion of the former court, in view of such special circumstances as may be presented in the particular case; the question then being whether the circumstances show special cause for the interference of the court." The circumstances showed special cause which brought the determination within the court's discretion.

The motion to dismiss the appeal, decision heretofore reserved, is denied. The decree below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.