Frederick A. Lainhart died September 17th, 1940, leaving a will dated August 30th, 1940, consisting of six paragraphs. By the first two he provided for payment of his debts and for disposal of his remains; by the third he bequeathed shares of stock to a friend; by the fourth he gave the residue of his personal estate to his widow and by the fifth he provided as follows:
"I give and devise all of my real property unto my executor and trustee hereinafter named, to hold the same in trust for my said wife, Alice B. Lainhart, and give him full power and authority to sell and convey any or all of said real estate * * * and give him further power to either sell for cash or upon terms, and upon such sale or sales to, at that time, turn over to my said wife the proceeds thereof, whether in cash or securities, taking her receipt therefor.
"I authorize and empower him to turn over to my said wife any net income received from any of my real property at any time he may so desire, the same to be for her own personal use.
"I direct, however, that he shall not be required to dispose of any of said real estate, although in his discretion he may so do, within three years from the date of my death, and that at the end of said three years, if requested by my said wife, if he has not so sold and conveyed my entire real property, to execute and deliver a good and sufficient deed or deeds therefor to my said wife for any real property then remaining, vesting in her title in fee simple thereto." *Page 87 
By the sixth and last paragraph of the will he named complainant as his executor and trustee.
The testator left him surviving his widow, Alice B. Lainhart and three sisters as his only heirs-at-law. He died possessed of but a small amount of personal property and seized of six parcels of real estate, from two of which complainant collected rent. Complainant maintained an estate bank account wherein he deposited rent and the proceeds of sale of real property, and whenever the testator's widow requested funds he withdrew from the bank account and paid her what she asked.
Mrs. Lainhart died August 6th, 1942, leaving a will under which complainant qualified as executor, wherein all the provisions therein contained are for the benefit of her blood relations. Up to the time of her death complainant had sold four parcels of real property of which her husband had died seized, realizing from such sales approximately $5,800, included in which is a purchase-money mortgage for $2,700. Since her death, and since filing his bill of complaint, complainant sold one of the two remaining parcels for $800 and now has but one parcel remaining unsold. The bill of complaint shows that at the time of filing thereof complainant had $979.46 in bank and the $2,700 mortgage, representing the balance of rents and proceeds of sale of real property which he had not distributed to Mrs. Lainhart.
Complainant is confronted with conflicting claims concerning which he seeks instruction from this court. Those claims are advanced by the heirs-at-law of Frederick A. Lainhart on the one hand and by the beneficiaries under the will of Alice B. Lainhart on the other.
The first question to be determined relates to the two parcels of real property which remained unsold at the death of the testator's widow, as to which the testator's heirs-at-law contend he died intestate and the solution of that question requires determination of the question whether the provisions of the will of Frederick A. Lainhart disclose the testator's intention to vest absolute title in his widow to all the real property of which he died seized. If such is the effect of his will, then she died seized of the two parcels which remained *Page 88 
unsold at the date of her death and title thereto would pass under her will.
In support of such effect it is argued that the trust created was wholly for the widow's ultimate benefit both as to principal and interest — no one else was named as a beneficiary under any circumstance — therefore being the equitable owner of the real property, the legal result was to vest in her at once a fee simple in the corpus of the trust. Post v. Herbert'sExecutors, 27 N.J. Eq. 540. But the rule laid down in that case applies to passive trusts only and not to active or special trusts created to serve particular intentions of a testator, in the carrying out of which he requires that a trustee should act.Cooper v. Cooper, 36 N.J. Eq. 121; Randolph v. Randolph,40 N.J. Eq. 73; Endicott v. Endicott, 41 N.J. Eq. 93; Rosenbaum
v. Garrett, 57 N.J. Eq. 186; Brown v. Fidelity Union TrustCo., 128 N.J. Eq. 197.
Had the testator wished to devise his real property to his wife and to vest title thereto in her immediately on his death, it would have required but a simple provision in his will to that effect. Instead, however, he devised the legal title to a trustee to hold for three years, if the trustee thought advisable. He provided that in the meantime his widow might have some income from the trust but he withheld from her immediate enjoyment of any part of the corpus. She was not entitled to be put in possession of, or have control over the property itself unless she survived her husband by three years and during that period the trustee was directed to perform specific duties. He was to manage the real property, collect the income therefrom, sell in his discretion, pay the widow some rent and the proceeds of sales made, and convey any unsold real property to her at the end of three years which last named duty presupposed that she was then living.
In the two years the widow survived the testator she made no effort to terminate the trust and at her death the legal title to two unsold parcels of real property was in the trustee and not in her. Unfortunately the testator made no provision for the contingency of her death before sale of all his real property or before conveyance thereof to her, and therefore he died intestate as to the portion thereof that remained *Page 89 
unsold at her death and title thereto vested in his three sisters who were his heirs-at-law at the time of the widow's death. The complainant is directed to turn over to those heirs-at-law the proceeds of the one parcel he sold and to convey the other parcel forthwith to them, together with the net rents received therefrom since the widow's death. The trust did not cease entirely on the widow's death but the further duty remained in the trustee to transfer the corpus of the trust to those entitled to receive it. Christine v. Baldwin, 95 N.J. Eq. 83.
The second question is as to who is now entitled to the proceeds of sales of real property and rents collected by the trustee prior to the widow's death but not paid to her, which proceeds and rents are represented by cash and the $2,700 mortgage in the trustee's hands.
The will directs that the trustee, upon making a sale of real property shall "at that time" turn over to the widow the proceeds, whether in cash or securities. Clearly the widow was entitled to receive the entire net proceeds of sales made in her lifetime immediately as each sale was completed, and it is not understood why the trustee did not pay her accordingly. The balance of such sales, including the $2,700 mortgage, less the trustee's commissions and a pro rata part of expense of administration, belonged to her at the time of her death and complainant is instructed that he should make transfer thereof to himself as executor under the widow's will.
The direction of the will as to income is that the trustee shall pay to the widow the net income from the trust property at any time he may so desire. Under such a provision the trustee was entitled to exercise reasonable discretion as to how much of the rent to pay to the widow, having regard to her needs and to necessary requirements for taxes, repairs, insurance and the like. He did pay her some rent but the record does not disclose how much, or why he did not pay her the entire net rent. So far as appears from the provisions of the will, all that the widow could rely on for support, pending a sale of real property, was the income derived from the property, and of all the property of which the testator died seized but two parcels were producing rent, one of which *Page 90 
was sold in November, 1941, and the other is the remaining parcel to which complainant still holds title. Complainant is instructed that he should transfer the balance of such rents to himself as executor of the widow's will.
Complainant should file an account in the Orphans Court of his receipts and disbursements as executor and trustee under the will of Frederick A. Lainhart and he should distribute the balance in his hands as determined by the order allowing his account, in the manner stated above. *Page 91