8 N.J. Super. 424 (1950)
72 A.2d 911
KATHERINE CAROLINE SKOVBORG, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF ANDREW SMITH, PLAINTIFF,
v.
SIGRID SMITH, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 26, 1950.
*425 Messrs. Moffitt & Neefus (Matilda G. Neefus-Palmer, on the brief), for the plaintiff.
Mr. Harold N. Gast, for the defendant Sigrid Smith.
JAYNE, J.S.C.
One Andrew Smith, a resident of Perth Amboy, Middlesex County, New Jersey, died testate on March *426 18, 1949. His last will and testament was executed on October 11, 1921, in which he made the following disposition of his estate:
"Second: I give, devise and bequeath all of my estate both real and personal or mixed to my Linden sister Kathrine Karoline Skovborg of number 219 N.J. Thompson Avenue, Roselle, New Jersey, in trust for the following purposes: to sell and dispose of so much of my personal property as she deems necessary and pay the proceeds thereof to my sister Mathilde Marie Smith who now resides with me at number 417 East Avenue 492 Sayre Ave. in the City of Perth Amboy, County of Middlesex and State of New Jersey; to take charge of and manage the real estate and pay the income therefrom to my said sister Mathilde Marie Smith; or if she deems it to the best interest of my estate then to sell at either public or private sale all of my estate both real and personal and invest the proceeds thereof in bond and mortgage to be first liens on improved real estate in the City of Perth Amboy, County of Middlesex and State of New Jersey and pay the interest thereof to my said sister Mathilde Marie Smith. In the event that the interest so received is not sufficient to keep my said sister in the same station in life as she now enjoys then I do order that the corpus of my estate shall be used to keep her in such station in life and same shall be paid to her in such monthly installments as my sister Kathrine Karoline Skovborg shall see fit.
"Third: I nominate, constitute and appoint my said sister Kathrine Karoline Skovborg executrix of this my last will and testament without requiring of her any bond for the faithful performance of her duties."
The testator made no other or further disposition of the corpus of his estate. His widow, Sigrid Smith, his sisters, Katherine Caroline Skovborg and Mathilde M. Smith, and two half brothers, Thomas Smith and John C. Smith, survive. At his death the testator was seized in fee of certain parcels of real estate.
The plaintiff requests the court to construe the testator's will and particularly to declare the nature of the estate of Mathilde Marie Smith in the real property of the decedent.
It is to be acknowledged that a gift to a trustee for the benefit of a cestui que trust is, in equity, deemed to be a gift to the cestui que trust as if it had been made directly. Neilson *427 v. Bishop, 45 N.J. Eq. 473 (Ch. 1889); Traverso v. Traverso, 99 N.J. Eq. 514 (Ch. 1926); affirmed sub nom., Traverso v. McMillin, 101 N.J. Eq. 308 (E. & A. 1927); Byrne v. Byrne, 123 N.J. Eq. 6 (Ch. 1938); affirmed, 124 N.J. Eq. 273 (E. & A. 1938).
It is proposed that the testator manifestly created the trust solely for the benefit of his sister Mathilde, omitting to designate any other as a beneficiary under any circumstances, consequently title absolute in the personalty and in fee simple in the realty vested at once in the named beneficiary. Cf. Post v. Herbert's Executors, 27 N.J. Eq. 540 (E. & A. 1876).
True, the rule was enunciated in Passman v. Guarantee Trust and Safe Deposit Co., 57 N.J. Eq. 273 (Ch. 1898), that "the bequest of the income without limit as to time, or gift over which can operate, is a bequest of principal, if there be no expression of a contrary intent * * *. The same rule applies whether the gift be direct or through the intervention of a trustee." Westfield Trust Co. v. Beekman, 97 N.J. Eq. 140 (Ch. 1925); affirmed, 99 N.J. Eq. 435 (E. & A. 1926); National Newark, &c., Co. v. Arthur, &c., Blind Babies, 113 N.J. Eq. 313 (Ch. 1933); Duane v. Stevens, 137 N.J. Eq. 329 (Ch. 1945).
But that rule is one of construction available only where the testator's intent is not otherwise discoverable in the will. National Newark, &c., Co. v. Arthur, &c., Blind Babies, supra.
If the gift is in trust, it is significant to observe whether the trust is an active or passive one. Cooper v. Cooper, 36 N.J. Eq. 121 (Ch. 1882); Brown v. Fidelity Union Trust Co., 128 N.J. Eq. 197, 203 (E. & A. 1940).
The trust here is obviously an active one. It involves confidence, discretion, and active duties. The trustee is empowered to sell "so much of my personal property as she deems necessary," "to take charge of and manage the real estate," to sell all of the real and personal estate "if she deems it to the best interest of my estate," to "invest the proceeds thereof," and to make periodical payments of interest and *428 income and to disburse installments of corpus in certain circumstances and in such amounts as the trustee "shall see fit." Fidelity Union Trust Co. v. Mintz, 125 N.J. Eq. 52, 54 (E. & A. 1939); Morrison v. Reed, 6 N.J. Super. 598, 603 (Ch. 1950).
An active or special trust as distinguished from a passive or simple trust exists where the agency of a trustee is introduced for the execution of some specified purposes and the trustee is not therefore a mere depositary. Under an active trust the cestui que trust can only enforce in equity his interest to the extent of the settlor's intention.
Indeed, a gift of the remainder in trust, although merely to sell the land and to distribute the proceeds, is classified as an active trust. Martling v. Martling, 55 N.J. Eq. 771 (E. & A. 1896); Phillips v. Vermeule, 88 N.J. Eq. 500 (Ch. 1917); Christine v. Baldwin, 95 N.J. Eq. 83 (Ch. 1923); Riley v. Riley, 107 N.J. Eq. 372 (Ch. 1930); Mesce v. Gradone, 1 N.J. 159 (1948).
Significantly it is observed that the testator did not by his will intend to vest title to the assets of his estate in his sister immediately on his death, because he manifestly withheld from her the corpus subject to the limited authority of the trustee to withdraw therefrom "such monthly installments" as she "shall see fit" only "in the event that the interest so received is not sufficient to keep my sister in the same station in life as she now enjoys * * *." Cf. Hicks v. Jones, 138 N.J. Eq. 280 (Ch. 1946).
It was stated in the early case of Annin's Ex'rs. v. Vandoren's Adm'r., 14 N.J. Eq. 135, 144 (Ch. 1861): "The uncontrolled power of expenditure necessarily implies absolute ownership as fully as the power of disposing of it. And this difficulty can only be overcome by limiting the right of expenditure to so much as may be necessary for the support of the legatee." Such a limitation on the expenditure of corpus is contained in the present will.
My conclusion is that the beneficiary of the trust is not entitled to the possession or control of the property. She *429 is entitled only to the benefits conferred by the provisions of the will.
It is an established doctrine of equity jurisprudence that where the legal title to real and personal property is given by will to a trustee upon certain trusts and the purposes of the trust upon its termination have not exhausted the whole trust estate, the remaining trust estate, unless otherwise directed by the testator, will pass as the character of the property may be to the heirs at law or next of kin of the testator. Skellenger v. Skellenger, 32 N.J. Eq. 659 (Ch. 1880); Smith v. Smith, 54 N.J. Eq. 1 (Ch. 1895); affirmed, 55 N.J. Eq. 821 (E. & A. 1896); Camden Safe Deposit & Trust Co. v. Guerin, 89 N.J. Eq. 556 (E. & A. 1918).
The testator died intestate as to any remainder of the corpus. Gillespie v. Lainhart, 134 N.J. Eq. 85 (Ch. 1943).
Judgment accordingly.