35 N.J. Super. 125 (1955)
113 A.2d 199
GEORGE STRAWBRIDGE, PLAINTIFF,
v.
GEORGE STRAWBRIDGE, JR., AND DIANA D. STRAWBRIDGE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 29, 1955.
*126 Mr. Edward I. Berry, Jr., for plaintiff (Messrs. Richman & Berry, attorneys).
Mr. George Warren, guardian ad litem, pro se.
*127 HANEMAN, J.S.C.
The complaint herein seeks a declaratory judgment with respect to the payment of commissions to the plaintiff as guardian of George Strawbridge, Jr. and Diana D. Strawbridge.
The facts in connection herewith are as follows: On September 21, 1930 John T. Dorrance departed this life, leaving a last will and testament dated May 15, 1928, which was admitted to probate by the Surrogate of Burlington County on October 2, 1930. This will represents a very carefully considered and detailed plan for the disposition of testator's assets. The will itself consists of some 35 typewritten legal size sheets. Under paragraph 14 of said will the testator established a trust under the terms of which, after an intervening period of 16 years, he distributed the income in its entirety to his widow and children in specified proportionate shares, with the proviso that upon the death of any of his children their respective shares of income should be paid to their children during minority, with the remainder to said grandchildren upon reaching their majorities. Margaret Dorrance, a daughter of the testator, was entitled to receive under the terms of said will a one-sixth share of said income. Said Margaret Dorrance died on July 31, 1953, having theretofore married the plaintiff George Strawbridge, and having had two children by him, George Strawbridge, Jr. and Diana D. Strawbridge. The court has heretofore appointed the plaintiff George Strawbridge as general guardian of his two children above named. The trustees have made the payments due under the will to the said George Strawbridge as guardian.
The question with which the court is now confronted is whether, for the purpose of the computation and payment of commissions to said guardian, the money so paid to him by the trustees should be deemed income or corpus.
In order to determine the question we must remember the theory upon which a guardian receives commissions. The policy of the law in an overwhelming majority of jurisdictions in the United States is that fiduciaries are to have reasonable compensation for the time, trouble and skill *128 expended in managing the funds paid to them and in executing the terms of their appointment. 2 Perry on Trusts & Trustees, p. 1543; 39 C.J.S., Guardian and Ward, § 162, p. 279; 25 Am. Jur., Guardian and Ward, § 182, p. 112.
It would seem, at first blush, that this question must have been adjudicated on innumerable occasions by some of the courts of the United States. I am satisfied that the research of all of the litigants involved in this matter has been most particularly exhaustive. However, neither able counsel for the plaintiff, nor George Warren, Esq., guardian ad litem for the infant defendants, a respected and able member of the Bar of this State, has been able to discover any case directly in point. This court has as well conducted its own research and has found a great paucity of decisions.
Of the cases cited by counsel, the two most closely in point are Title Insurance & Trust Co. v. Duffill, 191 Cal. 629, 218 P. 14 (Sup. Ct. 1923), and In re Grasty's Estate, 165 Md. 240, 167 A. 69 (Ct. App. 1933). In the former of these two cases there was involved the following question: whether money received by a trustee in the hereafter particularized circumstances was income or corpus under a section of the California Code. The facts there were as follows: a husband, by a trust agreement made in contemplation of divorce, agreed to convey to a trustee for the benefit of his then wife, one-quarter of any property or interest he might in the future receive from his mother's estate, and that the said wife would be entitled only to the income from such one-quarter interest. Subsequently, the husband's said mother, by will, bequeathed and devised all of her property in trust, so that the aforesaid husband received only the income thereof, one-quarter of which he paid to his divorced wife's trustee. The court there held that the portion so received by the trustee was income to which the wife was entitled, and not corpus, which was required to be reinvested. The court there said [191 Cal. 629, 218 P. 20]:
"This income is not received by plaintiff from the mother's estate. It is income from property received by Harry from his mother's estate, the portion of which, under the terms of the August agreement, *129 at once passed to plaintiff. In other words, the income receipts to plaintiff are not directly from the mother's estate, but are receipts from the income of its equitable property interest in a portion of the corpus of the testamentary estate. There is no more justification for holding that these receipts are corpus merely because they are in the hands of plaintiff as a trustee than there would be in saying they constituted corpus if the time of possible physical segregation of the trust properties had not been postponed by reason of the testamentary trust, and distribution of the mother's estate had been made. Under those circumstances, one-quarter of Harry's share of the property received (not the income it might produce) would have constituted the corpus of the trust in plaintiff for Martha's use, and she would have been entitled to have paid to her all the net income derived therefrom through plaintiff's administration of the fund. The interposition of the trust for Martha does not act to change the nature of the income."
"The theory that Harry Duffill received at his mother's death a beneficial interest in the property belonging to her, and that his subsequent receipts, therefore, are not directly from her, but are receipts from the income of his property, finds support in what we believe to be the status of the equitable interest and estate of a cestui que trust in property in this State. * * * 1 Pomeroy Eq. Jur. (4th Ed.) § 147 * * *."
"It were useless, we feel, to carry this decussion to greater length, or to discuss other phases of the matter and probable lines of solution of the problem here presented. Harry Duffill was vested with an equitable estate and beneficial interest in his mother's property immediately upon her death, with only such legal title lodged in the Los Angeles Trust & Savings Bank as is required for the execution of the testamentary trust. That this interest was assignable is beyond controversy. * * * Whatever may be the duration or quantity of the equitable estate vested in Harry, whether for years or for life, or in mere expectancy, he has received, and is receiving, income thereon. What condition will prevail when the testamentary trust is terminated by lapse of time or death does not now concern us. The accrued and accruing income received by Harry, including the portion paid to plaintiff, is income from Harry's own equitable interest, and is not an interest in property arising out of the mother's estate. It is therefore `income to Martha,' and should not be administered as corpus of the trust under the August agreement, but should be accounted for and paid direct to appellant as income."
In the second of the two above cited cases, the question involved was whether the income received by a guardian from a trust estate, whose cestuis were his wards, was entitled to commissions upon said receipts as income. The court there said as follows [165 Md. 240, 167 A. 71]:
*130 "In the present instance `the estate' is composed of the funds created by the settlor by his two deeds. He might have provided that those funds, or the investments thereof, should be turned over to the guardian after the death of his wife, and probably would have done so except for the fact that he was not giving an absolute estate to the ward, but only a life estate. The proceeds from these investments, however, are just as much income from `an estate,' as if the investments had been turned over to the guardian.
It is manifest from the language of the statute that the compensation to the guardian is to be determined not alone from his trouble in collecting income, but from all `the trouble and care of such guardian,' including that in connection with `his expenditures in maintaining and educating his ward,' in selecting proper schools and custodians, and in investing surplus income. For the purposes of the trusts created by the settlor, it was more convenient that the corpus should remain in the hands of the trustees; but the income from the corpus paid to the guardian is none the less income than if the investments had been turned over to the guardian."
The rationale of these two cases seem particularly pertinent in connection with the problem with which we are here confronted. See also In re Cook's Guardianship, 91 N.J. Eq. 303 (Prerog. 1919); Pomeroy v. Mills, 37 N.J. Eq. 578 (E. & A. 1883); Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897 (1925); Central Hanover Bank & Trust Co. v. Wolff, 35 N.Y.S.2d 148 (Sup. Ct. 1942); In re Keyser's Will, 113 N.Y.S.2d 419 (Surr. Ct. 1951).
Under the terms of the will sub judice, the two infants involved were to receive the income from a specified proportion of the corpus left in trust. In this corpus, as cestuis, the said infants have an equitable estate. A legacy to a trustee is deemed in equity to vest in the cestui que trust where the income is directed to be paid to the donee until the payment of the principal at a future date. Neilson v. Bishop, 45 N.J. Eq. 473 (Ch. 1889); Traverso v. Traverso, 99 N.J. Eq. 514 (Ch. 1926); affirmed sub nom., Traverso v. McMillin, 101 N.J. Eq. 308 (E. & A. 1927); Byrne v. Byrne, 123 N.J. Eq. 6 (Ch. 1938), affirmed 124 N.J. Eq. 273 (E. & A. 1938); Skovborg v. Smith, 8 N.J. Super. 424 (Ch. 1950); Speth v. Speth, 8 N.J. Super. 587 (Ch. 1950); Forbringer v. Romano, 10 N.J. Super. 175 (App. Div. 1950).
*131 It is to be remembered that a guardian for infants is required to discharge far greater duties than the mere receipt of income, investment of corpus and the disbursement of said income. He is charged not only with the payment of the costs, but as well the selection of proper schools, custodians, housing, clothing, maintenance and general welfare of his wards. These expenditures can normally only be made out of income to which the infants were entitled, and not out of corpus, unless the income is insufficient for such purposes. N.J.S.A. 3A:20-1 and 2.
There can be no question that if the infant cestuis were adults the money received by them would be deemed income. Nor would there be any question that had the testator seen fit to direct his trustees to make payment for the support, education and maintenance of these infants out of income, the money so expended would have been deemed income and the trustees would have been entitled to income commissions upon the amount so disbursed for support, education and maintenance. The testator did not so provide, but saw fit to direct that the income should be paid to the infants themselves. It must follow that as far as the guardian is concerned, he is the alter ego of the infants for the receipt of this money and may expend the same for the benefit of the infants. To all intents and purposes, there is no actual difference between the payments of income made by the trustee, who holds legal title to the corpus, to the guardian and payments of income made directly to the guardian from property, the legal title to which is actually vested in the infants. In both instances, it must be deemed a payment or receipt of income. The circumstance that in the present case the guardian may receive more than sufficient funds for the necessary purposes of the infants does not serve to change the nature of all or any part of the funds so received.
The argument that there would be dual payment of commissions on income is of no moment, since even if it were decided that the funds so paid to the guardian were corpus, he would be entitled to commissions and allowances upon said payments as corpus. This result would as well subject the *132 sum disbursed by the trustees to dual commissions, i.e., income commissions to the trustees and corpus commissions to the guardian. Actually, it would seem from a computation under the Internal Revenue Act that a conclusion that this were corpus might result in a lower net return to the infants than if it were deemed income.
It is, therefore, here held that the monies received by the plaintiff from the trustees of the estate of John T. Dorrance are, for the purposes of commissions, to be deemed income.
As a result, it follows that if the guardian has any surplus over and above the amount required to be expended for the benefit of the infants, neither such sum nor any investment thereof can hereafter be deemed corpus for the purpose of the allowance of further commissions.
Judgment will be entered accordingly.